**FILED**

March 31, 2023
Jeanne A. Naughton, CLERK
United States Bankruptcy Court
Newark, NJ

By: *Juan Filgueiras*, Courtroom Deputy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

SUNG HO MO,

                Debtor.

Case No.:    22-14796 (VFP) (Chapter 11)
Hearing Date:  March 7, 2023
Judge:     Vincent F. Papalia

SUNG HO MO,

                Plaintiff,

v.

HSBC BANK USA, N.A., AS TRUSTEE FOR WELLS FARGO ASSETS SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-11 and WELLS FARGO BANK, N.A.,

                Defendants.

Adv. Pro. No.: 22-1186 (VFP)

SUNG HO MO,

                Plaintiff,

v.

KABE CAPITAL, LLC,

                Defendant.

Adv. Pro. No.: 22-1189 (VFP)

SUNG HO MO,

                Plaintiff,

v.

ADJUSTABLE RATE MORTGAGE TRUST 2005-10, ADJUSTABLE RATE MORTGAGE-BACKED PASS THROUGH CERTIFICATES, SERIES 2005-10, U.S BANK, N.A., AS TRUSTEE,

                Defendants.

Adv. Pro. No. 22-1190 (VFP)

SUNG HO MO,

                Plaintiff,

v.

HSBC BANK USA, N.A., AS TRUSTEE FOR WELLS FARGO ASSETS SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-11; WELLS FARGO BANK, N.A.; MICHAEL ROBERTS; CHARLES W. SCHARF; CAROLINE K. COURTNEY; and ELIZABETH JOAN TAYLOR,

                Defendants.

Adv. Pro. No. 22-1308 (VFP)

SUNG HO MO,

                Plaintiff,

v.

Adv. Pro. No. 22-1322 (VFP)

KABE CAPITAL, LLC; PNC BANK, N.A. and WILLIAM S. DEMCHAK,

       Defendants.

SUNG HO MO,

       Plaintiff,

v.

ADJUSTABLE RATE MORTGAGE TRUST 2005-10; ADJUSTABLE RATE MORTGAGE-BACKED PASS THROUGH CERTIFICATES, SERIES 2005-10, U.S BANK, N.A., AS TRUSTEE; U.S. BANK, N.A. AS TRUSTEE, TIAA, FSB; WELLS FARGO BANK, N.A.; ANDREW CECERE; CHARLES W. SCHARF; STEVE FISHER and ROBIN MURDOCK,

       Defendants.

Adv. Pro. No. 22-1324 (VFP)

## OPINION

**APPEARANCES**

Sung Ho Mo
23 Independence Trail
Totowa, New Jersey 07512
*Self-represented Debtor and Plaintiff*

Fran B. Steele, Esq.
Office of the U.S. Trustee
One Newark Center, Suite 2100
Newark, New Jersey 07102-5504

Aaron M. Bender, Esq.
Greyson Van Dyke, Esq.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540-7839
*Counsel to HSBC Bank USA, N.A.,
as Trustee for Wells Fargo Asset Securities
Corp., Mortgage Pass-through Certificates,
Series 2007-11; Wells Fargo Bank, N.A;
Michael Roberts; Charles W. Scharf and
Elizabeth Joan Taylor*

Matthew Fissel, Esq.
Brock and Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
*Counsel to Wells Fargo Bank, N.A.*

Patrick O. Lacsina, Esq.
Patrick O. Lacsina Law Offices, LLC
215 North 5th Street, Unit #2
Harrison, New Jersey 07004
*Counsel to Kabe Capital, LLC*

Jennie Shnayder, Esq.
Shnayder Law Firm, LLC
148 East Street Road, Suite 352
Feasterville, Pennsylvania 19053
*Counsel to Kabe Capital, LLC*

Margaret J. Cascino, Esq.
McGlinchey Stafford
112 West 34th Street, Suite 1515
New York, New York 10120
*Counsel to U.S. Bank, N.A., as Trustee for
Adjustable Rate Mortgage Trust 2005-10,
Adjustable Rate Mortgage Backed
Pass-Through Certificates,
Series 2005-10*

Andrew M. Lubin, Esq.
McCabe, Weisberg & Conway, LLC
123 S. Broad Street, Suite 1400
Philadelphia, Pennsylvania 19109
*Counsel for TIAA, FSB*

**VINCENT F. PAPALIA, U.S.B.J.**

**I.  INTRODUCTION**

These matters come before the Court primarily on a sequence of fourteen (14) motions filed by the Debtor, who is self-represented and who, by these Motions, continues to pursue in Bankruptcy Court his disputes with three (3) secured creditors:

(i)      HSBC Bank USA, N.A., as Trustee for Wells Fargo Asset Securities Corp., Mortgage Pass-through Certificates, Series 2007-11 and Wells Fargo Bank, N.A. (collectively "Wells Fargo," or "Wells");

(ii)     Kabe Capital, LLC ("Kabe"); and

(iii)    Adjustable Rate Mortgage Trust 2005-10, Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2005-10 [also known through its trustee, U.S. Bank, N.A. or its attorney-in-fact, TIAA, FSB] ("TIAA")[1]

(collectively, the "Lenders").  The Debtor also has fourteen (14) pending appeals in the U.S. District Court for the District of New Jersey (the "District Court") of Orders entered by this Court in connection with actions and proceedings involving these same three (3) Lenders.  The Debtor also had six (6) actions pending in District Court against these same three (3) Lenders (four (4) actions originally filed by the Debtor in District Court; and two (2) removed by Lender-defendants from Superior Court) (the "District Court Actions").  The District Court entered a July 27, 2022 Order that administratively terminated the latter six (6) District Court Actions after the Debtor filed his Chapter 11 petition.[2]

Wells Fargo holds the only mortgage on the Debtor's residence at 23 Independence Trail, Totowa, New Jersey 07512 (the "Residence").  TIAA and Kabe hold the first and second

---

[1] The Court refers to this creditor as TIAA.  On August 22, 2022, Andrew M. Lubin, Esq., McCabe, Weisberg & Conway, LLC, filed Claim No. 4-1 in the name of TIAA, FSB on this debt.  In his January 30, 2023 certification in support of stay relief, Mr. Lubin referred to this creditor as TIAA, FSB, as attorney-in-fact for Wells Fargo Bank, N.A., as Master Servicer for Adjustable Rate Mortgage Trust 2005-10, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-10.  Main Dkt. No. 202-1.

[2] July 27, 2022 Order, Dkt. No. 97, D.N.J. Case Nos. 20-cv-2529-KM-ESK (Wells); 21-cv-20314 (Wells); 21-cv-20364-KM-ESK (Wells); 22-cv-1936-KM-ESK (Kabe); 20-cv-14387-KM-ESK (TIAA); and 21-cv-20564-KM-ESK (TIAA).

mortgages, respectively, on Debtor's rental property, 138 Independence Trail, Totowa, New Jersey 07512 (the "Rental Property").

The object of Debtor's extensive litigation in State Court, Bankruptcy Court and District Court is to retain title to these Properties free and clear of any liens, claims or interests of the three (3) Lenders on the grounds of alleged irregularities in their lending processes, even though two of the Lenders (Wells Fargo and Kabe) hold final, dispositive judgments, and TIAA is pursuing one in State Court, which has already entered Orders that granted summary judgment to TIAA on its affirmative foreclosure claim and struck Debtor's defenses and counterclaims.[3]  Notably, the Debtor seeks this expansive relief without paying (or offering to pay) the mortgages or taxes on these subject mortgaged Properties for many years.

The Debtor's motions, which are listed individually in Schedule A to this Opinion, may be grouped into four (4) categories.  For three (3) of these categories, the Debtor essentially filed in "triplicate," one motion for each of the three (3) Lenders.  These categories are:

(i)   **Debtor's motions for reconsideration of this Court's December 12, 2022 Order**, described below.  The Debtor filed this motion in each of his original adversary proceedings against Wells Fargo (Adv. Pro. No. 22-1186); Kabe (Adv. Pro. No. 22-1189) and TIAA (Adv. Pro. No. 22-1190) (collectively, the "Old Actions"), even though this Order did not negatively affect Debtor's Old Action against Kabe.

(ii)  **Debtor's motions to vacate this Court's December 5, 2022 Order for Dismissal**, described below.  The Debtor filed this motion in each of his new adversary proceedings against Wells Fargo (Adv. Pro. No. 22-1308); Kabe (Adv. Pro. No. 22-1322); and TIAA (Adv. Pro. No. 22-1324) (collectively, the "New Actions). even though this Order also did not negatively affect Debtor's New Action against Kabe.[4]

---

[3] Sept. 2, 2022 Certif. of Margaret J. Cascino, Esq., in support of TIAA Mot. to Dismiss included the following State Court pleadings:  July 12, 2017 Answer, Defenses and Counterclaim, Ex. B; Feb. 9, 2018 Order dismissing Debtor's Counterclaim with prejudice, Ex. C; May 29, 2018 Order granting TIAA summary judgment; striking Debtor's answer and dismissing each of Debtor's multiple affirmative defenses, Ex. D; Nov. 4, 2019 Order denying Debtor's Motions to Vacate Summary Judgment and to Extend Discovery, Ex. E; Apr. 21, 2022 Order denying with prejudice Debtor's request for a stay and for dismissal of the Foreclosure Complaint, Ex. H; and Apr. 21, 2022 Order for further denial of stay Ex. H-1, Dkt. No. 6-2, Adv. Pro. No. 22-1190 ("Sept. 2, 2022 Cascino Certif.").  Debtor's stricken or dismissed Answer, Defenses and Counterclaim included a wide range of challenges to TIAA's standing to maintain the Foreclosure Action, based on TIAA's lending practices and alleged violations of various state and federal laws.

[4] Oct. 7, 2022 Debtor Mot. for Reconsideration, Dkt. No. 16; Sept. 26, 2022 Order granting in part and denying in part Kabe's Mot. to Dismiss, Dkt. No. 8, Adv. Pro. No. 22-1189.

(iii) **Debtor's discovery motions.** Debtor filed three (3) motions in the main case to compel each Lender to answer discovery (interrogatories and notice to produce) related to their underlying debts; and

(iv) **Debtor's motions to stay proceedings.** Debtor filed three (3) motions in the main case to stay the main case (and certain pending motions, including those filed by the Debtor) until the District Court resolves all the appeals filed by the Debtor from the Orders of the Bankruptcy Court.

Each Lender opposed these Motions, and Debtor filed replies (some parties having filed a unitary or omnibus response to more than one Motion).

Additionally, Wells Fargo has filed two affirmative requests for relief:

(i) Cross-motion in Debtor's New and Old Wells Actions and in the main case to declare Debtor a vexatious litigant and to bar him from making any further submissions in this case without prior leave of the Court (the "Cross-motion");[5] and

(ii) Motion for stay relief as to its mortgage on Debtor's Residence at 23 Independence Trail, Totowa, New Jersey 07512 (the "Wells Stay Relief Motion") as Debtor has made no postpetition payments.[6]

TIAA also filed a motion for stay relief as to Debtor's Rental Property at 138 Independence Trail, Totowa, New Jersey 07512 on the ground that the Debtor has failed to make postpetition payments (the "TIAA Stay Relief Motion").[7]

The Debtor filed objections to these applications, and certain replies followed. The Debtor also filed a motion to extend exclusivity (to which no party in interest has objected). Thus, the total number of motions returnable on March 7, 2023 was seventeen (17), fourteen (14) of which were made by the Debtor.

For the reasons set forth below, the Court:

(i) denies each of the Debtor's Motions for reconsideration and/or vacation of this Court's prior Dismissal Orders and for Discovery, except as to Kabe, for which the Court grants Debtor limited relief consistent with this Court's September 26, 2022 Order, as described below;

---

[5] Wells Cross-motion, Dkt. No. 40, Adv. Pro. No. 22-1186; Dkt. No. 24, Adv. Pro. No. 22-1308, Main Dkt. No. 196.
[6] Wells Mot., Main Dkt. No. 191.
[7] TIAA Mot., Certif. of Helenita Haney Sanes ¶ 8, Main Dkt. No. 202-2.

(ii)      grants Wells Fargo's motion for stay relief;

(iii)     grants Wells Fargo's Cross-motion to declare the Debtor a vexatious litigant with appropriate sanctions and orders protocols for any further submission that Debtor seeks to make in this bankruptcy case (including as to any existing or new proceeding);

(iv)     grants TIAA's motion for stay relief; and

(v)      grants Debtor's motion to extend exclusivity for sixty (60) days only from the date of entry of this Order.

## II. JURISDICTIONAL STATEMENT

The Court has jurisdiction over this bankruptcy case and the related adversary proceedings under 28 U.S.C. § 1334(b) and the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on September 18, 2012.  In addition, a Bankruptcy Court has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 151 (2009) (in that case, a Confirmation Order entered ten (10) years earlier). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) [claims against the estate], (G) [stay relief] and (O).[8]  Venue is proper in this Court under 28 U.S.C. § 1408.  The court issues the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

This Court's jurisdiction and authority are also based on its inherent authority to manage its docket and its authority under 11 U.S.C. § 105(a) "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules,

---

[8] *See, e.g.,* Oct. 7, 2022 *Order Abstaining from Hearing Debtor's Claims Against Defendant and Dismissing Adversary Complaint*, Dkt. No. 9, Adv. Pro. No. 22-1190 (TIAA).

or to prevent an abuse of process." 11 U.S.C. § 105(a); *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

This Court's jurisdiction to address the Debtor's multiple motions for reconsideration, to vacate its prior Dismissal Orders and for a stay of these proceedings is further based on Fed. R. Bankr. P. 8002(b), which provides that the time to appeal an order of this Court is tolled if any party files a motion: (i) for additional findings under Fed. R. Bankr. P. 7052; (ii) to alter or amend a judgment or for a new trial under Fed. R. Bankr. P. 9023, which largely incorporates Fed. R. Civ. P. 59; or (iii) for relief under Fed. R. Bankr. P. 9024, which largely incorporates Fed. R. Civ. P. 60, if (in each case) the motion is filed within fourteen (14) days of the judgment. The time to appeal is tolled until the last of any such underlying motions is disposed of. Fed. R. Bankr. P. 8002(b)(1). If, as is the case here, a party files a notice of appeal before the Court disposes of any such motions, the notice becomes effective only when the Order disposing of each motion is entered. Fed. R. Bankr. P. 8002(b)(2). Thus, this Court plainly has jurisdiction to determine the Debtor's pending Motions to reconsider, to vacate the Dismissal Orders and/or to stay any or all of these proceedings.

Further, motions for a stay pending appeal, as the Debtor has also made multiple times here, must "[o]rdinarily" be brought "first in the bankruptcy court." Fed. R. Bankr. P. 8007(a)(1)(A). Finally, notwithstanding any such motion for relief from an order or from a stay, the Bankruptcy Court may "order the continuation of other proceedings in the case" and/or "issue any other appropriate order[ ] during the pendency of the appeal to protect the rights of all parties in interest." Fed. R. Bankr. P. 8007(e)(1) and (2); *In re Revel AC*, *Inc*., 802 F.3d 558, 568 (3d Cir. 2015). Protecting the rights of all parties in interest is precisely what the Court is seeking to do.

In sum, this Court has jurisdiction to hear and determine all the Debtor's pending Motions as well as the other Motions the Court is deciding today, notwithstanding the Debtor's pending

appeals of its Orders.  Accordingly, for all these reasons, the Court rejects the arguments of Wells

and Kabe that it lacks jurisdiction to decide any (or all) of these motions based on the Debtor's

pending appeals.[9]

## III.     STATEMENT OF RELEVANT FACTS, PROCEDURE AND ANALYSIS

### A. Brief Background to Pre-petition Actions

Before the Debtor filed his voluntary Chapter 11 petition on June 13, 2022, two (2) of the

three (3) Lenders had obtained dispositive final judgments against him in Superior Court of New

Jersey:

(i)     on June 10, 2022, Wells Fargo obtained Final Judgment of Foreclosure in the amount of $1,061,232.39 in Superior Court of New Jersey, Chancery Division, Passaic County, Dkt. No. SWC-F-7302-16 with respect to the Debtor's residential Property at 23 Independence Trail, Totowa, New Jersey 07512;[10] and

(ii)    on May 4, 2022, Kabe obtained Final Judgment in the amount of $246,013.35 in Superior Court of New Jersey, Law Division, Passaic County, Dkt. No. PAS-L-1442-21 on the Note issued in connection with the Home Equity Line of Credit that Debtor entered into on August 11, 2005 with PNC Bank, N.A. and was assigned to Kabe (the "Kabe Note").  The Kabe Note also was secured by a second mortgage on 138 Independence Trail, Totowa, New Jersey 07512 (the "Kabe Mortgage").[11]

On the petition date, TIAA (first mortgagee on the Rental Property commonly known as 138

Independence Trail, Totowa, New Jersey 07512) had a Foreclosure Action pending in Superior

Court of New Jersey, Chancery Division, Passaic County, Dkt. No. F-5382-17. This Foreclosure

Action was subject to numerous Debtor-challenges that resulted in multiple Orders in favor of

TIAA, including the following:

(i)     Feb. 9, 2018 Order dismissing Debtor's Counterclaim with prejudice;

(ii)    May 29, 2018 Order granting TIAA summary judgment; striking Debtor's answer and dismissing each of Debtor's multiple affirmative defenses;

---

[9] Wells Br., at 11-13, Dkt. No. 40-1, Adv. Pro. No. 22-1186; Kabe Br., ¶¶ 8-11, Dkt. No. 36, Adv. Pro. No. 22-1189.
[10] Jan. 11, 2023 Certif. of Aaron Bender, Esq., in support of Cross-motion, June 10, 2022 Judgment (with Statement of Reasons), Ex. 1, Dkt. No. 40-4, Adv. Pro. No. 22-1186.
[11] Aug. 4, 2022 Certif. of Jennie C. Shnayder, Esq., in support of Mot. to Dismiss, May 4, 2022 Judgment, Ex. C, Dkt. No. 4-1, Adv. Pro. No. 22-1189.

(iii)    Nov. 4, 2019 Order denying Debtor's motions to vacate summary judgment and to extend discovery;

(iv)    Apr. 21, 2022 Order denying with prejudice Debtor's request for a stay and for dismissal of the Foreclosure Complaint; and

(v)    Apr. 21, 2022 Order for further denial of stay.[12]

Based on these extensive and extended proceedings before the State Court, this Court abstained from hearing issues related to the TIAA Foreclosure Action and therefore abstained from hearing the Debtor's Adversary Proceeding against TIAA, which involved the same or similar issues that had been litigated and often relitigated in State Court.  That ruling was based on the *Colorado River* doctrine (*Colorado River Water Conservation Dist. v. United State.*, 424 U.S. 800, 813-15 (1976)) and was memorialized in this Court's October 7, 2022 Order in Adv. Pro. No. 22-1190 and in its oral opinion issued on the record on October 4, 2022.[13]

On the June 13, 2022 petition date, the Debtor was also the plaintiff in six (6) matters against the three (3) Lenders in the New Jersey District Court, based on complaints that Debtor had filed in District Court directly or in Superior Court which were removed by the Lenders to the District Court.  By Order entered on July 27, 2022, the District Court administratively terminated these six (6) cases (on a without-prejudice basis) pending the conclusion of the bankruptcy case and its adversary proceedings (or until a party in interest moves to reopen).[14]  The July 27, 2022 District Court Order stated in most relevant part:

> **THE COURT** possessing the inherent authority to control the docket, and thus exercising the discretion to stay and administratively terminate the Six Cases, . . . and the Court doing so in order to eliminate the possibility of both duplicative proceedings and inconsistent interpretations of the issues in the Six Cases, the Bankruptcy Case, and the Adversary Cases; and the parties being advised that an order administratively terminating the Six Cases is not the

---

[12] Sept. 2, 2022 Cascino Certif.; ¶¶ 13, 15; Exs. B, C, D, H, H-1, Dkt. No. 6-2, Adv. Pro. No. 22-1190 (described at n. 3 *supra*)  Certain other such challenges to TIAA's State Court Action may have been pending when the Debtor filed his petition, e.g., motion for reconsideration of one or more of the above.

[13] Oct. 7, 2022 Order, Dkt. No. 9, Adv. Pro. No. 22-1190.

[14] July 27, 2022 Order of the District Court entered in Case Nos. 20-cv-2529-KM-ESK *et al.*

equivalent of a dismissal of a complaint with prejudice, . . . and for good cause
appearing,

**IT IS** on this **27th** day of **July 2022 ORDERED** that:

1.   The Six Cases are stayed and administratively terminated without
prejudice. Any party may move to reinstate any of the Six Cases upon completion
of the Bankruptcy Case and the Adversary Cases, or when otherwise
appropriate.[15]

B.   <u>The Bankruptcy Case and Adversary Proceedings</u>

The Debtor filed his voluntary petition for reorganization under Chapter 11 on June 13,

2022.  The Debtor filed his original adversary proceedings in this Court on July 1, 2022 against

Wells Fargo (22-1186) and then on July 5, 2022 against Kabe (22-1189) and TIAA (22-1190).

The three (3) Lenders then each filed motions to dismiss.  After contested hearings on September

20, 2022 (as to Wells and Kabe) and October 4, 2022 (as to TIAA), the Court entered:

(i)      as to Wells Fargo, a September 23, 2022 Order dismissing with prejudice Adv. Pro.
No. 22-1186, on the grounds that all matters that were litigated or could have been
litigated in the Wells Foreclosure Action were barred by *res judicata* as the result
of the June 10, 2022 State Court Foreclosure Judgment and on other grounds;[16]

(ii)     as to Kabe, a September 26, 2022 Order dismissing Adv. Pro. No. 22-1189 in part
and with prejudice the Debtor's challenges to the Kabe Note and the Final Judgment
entered by the State Court on that Note on similar preclusion grounds; but denying
Kabe's motion to dismiss with regard to the Debtor's claims concerning the
validity, priority and assignment of Kabe's Mortgage, as those issues had not been
determined by Kabe's May 4, 2022 Judgment in the State Court Action;[17] and

---

[15] July 27, 2022 Order of the District Court entered in Case Nos. 20-cv-2529-KM-ESK *et al*. (internal citations to case
law omitted).  In this Opinion, to the extent that any citation to or summary of Orders entered in New Jersey Superior
Court or the District Court differs from the record in those Courts, the record of those Courts controls.
[16] Sept. 23, 2022 Order, Dkt. No. 17, Adv. Pro. No. 22-1186.
[17] The three (3) decretal paragraphs of the September 26, 2022 Order with regard to Kabe state in full:

      **ORDERED** that Kabe's Motion is **GRANTED in part** and **Denied in part,** as set forth
herein; and it is further
      **ORDERED** that the Adversary Complaint is dismissed, in part and with prejudice, as to
all specific claims, including counterclaims, that were previously dismissed with prejudice in the
State Court Action [Shnayder Certif., Nov. 27, 2021 Answer, Affirmative Defenses and
Counterclaim, Ex. A, Dkt. No. 4-1], including all claims that (i) are based on the August 11, 2005
Note (the "Note") that was the subject of the Final Judgment entered in the State Court Action on
May 4, 2022 in favor of Kabe and against Debtor in the amount of $246,013.35; (ii) assert breach
of contract with respect to the Note; and (iii) are set forth in paragraph 52(d) and "wherefore"
paragraphs (vi) and (vii) (which seek a declaration that the State Court Action was a wrongful
foreclosure or civil action and subject to damages, as the Debtor lost in the State Court Action and
there was no foreclosure action) of the Adversary Complaint [Adv. Dkt.No. 1]; and it is further

(iii)    as to TIAA, an October 7, 2022 Order dismissing Adv. Pro. No. 22-1190 without prejudice and abstaining under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-15 (1976) "in favor of the pending State Court Foreclosure Action."[18]

Before the Court had even entered the above Orders (in the case of Wells Fargo and Kabe), the Debtor filed three new adversary proceedings against the Lenders seeking essentially the same relief as in the original proceedings, but adding as Defendants certain officers and employees of the Lenders and asserting allegedly "new" claims based on the same underlying facts.  These are:

September 22, 2022 Complaint against HSBC, Wells Fargo and Officers, Adv. Pro. No. 22-1308;

October 3, 2022 Complaint against Kabe Capital, LLC, PNC Bank, N.A., and one (1) Officer, Adv. Pro. No. 22-1322;

October 3, 2022 Complaint against U.S. Bank, N.A.,[19] as Trustee, Wells Fargo Bank, N.A. and Officers, Adv. Pro. No. 22-1324

(collectively, the "New Actions").  As to Wells Fargo in particular, the Debtor filed this second proceeding in complete disregard and derogation of the Court's September 20, 2022 bench rulings, in which the Court denied Debtor's oral request to dismiss the Old Wells Action without prejudice so that Debtor could immediately file an Amended Complaint.[20]

Instead of immediately proceeding with the three (3) allegedly "new" adversary proceedings in the ordinary course, the Court entered an October 7, 2022 *Scheduling Order for Deemed Motions for Reconsideration* (the "Deemed Reconsideration Order") that deemed the

---

**ORDERED** that Kabe's Motion is **DENIED,** in part, as to Debtor's claims with respect to the validity and priority of Kabe's mortgage (the "Mortgage") on Debtor's real property at 138 Independence Trail, Totowa, New Jersey, which were not specifically determined by the State Court and were within the jurisdiction of the Chancery Division of the State Court. Specifically, Debtor's claims relating to the validity and priority of the Mortgage are not dismissed (other than to the extent such claims relate to the Note). *See* Adversary Complaint, page 9, paragraphs 52(a), (b), (c) and "wherefore" paragraphs (i),(ii), (iii), (iv) and (v) [Adv. Dkt. No. 1].

Sept. 26, 2022 Order, Dkt. No. 8, Adv. Pro. No. 22-1189.
[18] Oct. 7, 2022 Order, Dkt. No. 9, Adv. Pro. No. 22-1190.
[19] U.S. Bank, N.A. was an apparent predecessor of TIAA as servicer or agent.
[20] Oct. 7, 2022 Deemed Reconsideration Order, at 2, Main Dkt. No. 116.

three (3) New Actions to be motions for reconsideration of the three Orders for Dismissal of the Old Actions and required the Debtor to file and serve actual motions for reconsideration of the Orders in the Old Actions within thirty (30) days of the Court's Order (that is, by Monday, November 7, 2022).[21]  The Court entered the Deemed Reconsideration Order:

> in the exercise of its inherent powers to manage and control its docket and its authority under 11 U.S.C. [§] 105 to prevent abuses of process and otherwise seek to manage its docket and these cases expeditiously and economically.[22]

The Deemed Reconsideration Order also provided that, if Debtor failed to file any such motion for reconsideration in a timely manner:

(i)    he would be barred from doing so;

(ii)   the New Complaint with respect to which he failed to file any such motion would be dismissed; and

(iii)  if he attempted to file any further or amended Complaints against any Defendant (named in his adversary proceedings) (except as allowed with respect to Kabe under the September 26, 2022 Order in the Old Kabe Action),[23] the Court may issue an Order to Show Cause why the Court should not grant "further appropriate relief" against the Debtor.[24]

The Deemed Reconsideration Order also scheduled objection and response times with the hearing to be scheduled thereafter.[25]

Debtor filed an actual (and timely) motion for reconsideration pursuant to the Deemed Reconsideration Order as to Kabe only, on October 6, 2022 (and refiled on October 7, 2022) in the Old Kabe Action, Adv. Pro. No. 22-1189.[26]  Debtor did not timely file such a motion against Wells Fargo or TIAA.  Accordingly, as to Wells Fargo and TIAA, and as provided in the Deemed Reconsideration Order, the Court entered a December 5, 2022 implementing Order that dismissed with prejudice Debtor's New Wells Action, Adv. Pro. No. 22-1308 and dismissed without

---

[21] Oct. 7, 2022 Deemed Reconsideration Order, at 3, Main Dkt. No. 116.
[22] Oct. 7, 2022 Deemed Reconsideration Order, at 3, Main Dkt. No. 116.
[23] Sept. 26, 2022 Order, Dkt. No. 9, Adv. Pro. No. 22-1189.
[24] Oct. 7, 2022 Deemed Reconsideration Order, at 4, Main Dkt. No. 116.
[25] Oct. 7, 2022 Deemed Reconsideration Order, at 3, Main Dkt. No. 116.
[26] Oct. 6, 2022 Mot., Dkt. No. 12, Oct. 7, 2022 Mot., Dkt. No. 16, Adv. Pro. No. 22-1189.

prejudice Debtor's New TIAA Action, Adv. Pro. No. 22-1324, based on the Court's abstention from hearing the Old TIAA Action in favor of the long-pending and nearly-concluded State Court Foreclosure Action between TIAA and the Debtor.[27]  The Court thereafter entered, in the Old Actions, a December 12, 2022 implementing Order that denied the Debtor's "deemed" motions for reconsideration of:  (i) the September 23, 2022 Order for Dismissal as to Wells Fargo in Adv. Pro. No. 22-1186; and (ii) the October 7, 2022 Order for Abstention and Dismissal as to TIAA in Adv. Pro. No. 22-1190.[28]  As a result, at this time, Debtor's New Actions and Old Actions against Wells Fargo and TIAA were (and remain) dismissed (with prejudice as to Wells Fargo), and the New Actions against Wells Fargo and TIAA are closed.

With respect to Kabe, the December 5, 2022 Order acknowledged the pendency of Debtor's October 7, 2022 timely-filed motion for reconsideration of the September 26, 2022 Order that partially dismissed the Old Action.[29]   Thus, as to Kabe, (i) the Debtor's Old Action (Adv. Pro. No. 22-1189) remains open under the September 26, 2022 Order to allow Debtor to file an Amended Complaint on the narrow grounds set forth in this Order; and (ii) the Debtor's New Action (Adv. Pro. No. 22-1322) remains open pending the outcome of the Debtor's actual motion for reconsideration as to Kabe.  These latter issues as to Kabe are being determined by the Court as part of this Opinion

C.  <u>Debtor's Motions for Reconsideration of the December 12, 2022 Order and for Vacation of the December 5, 2022 Order as to Wells Fargo and TIAA</u>

On December 22, 2022 and continuing through December 27, 2022, the Debtor began to file the above sequence of Motions to reconsider the December 5, 2022 Order and to vacate the December 12, 2022 Order while also appealing those Orders.  In this Court's view, the Debtor

---

[27] Dec. 5, 2022 Order, Dkt. No. 12, Adv. Pro. No. 22-1308; Dkt. No. 13, Adv. Pro. No. 22-1324.

[28] Dec. 12, 2022 Order, Dkt. No 29, Adv. Pro. No. 22-1186; Dkt. No. 19, Dkt. No. 22-1190.

[29] *See e.g.*, Dec. 5, 2022 Order, Dkt. No. 12, Adv. Pro. No. 22-1308 (Wells) (the Dec. 5, 2022 Order was not docketed in the Kabe Adv. Pros.).

filed these Motions as to Wells and TIAA in complete and intentional disregard and derogation of the Court's Deemed Reconsideration Order, which provided the sole mechanism for the Debtor to challenge the Orders for Dismissal of the original adversary proceedings—that is, by filing actual and properly-supported motions for reconsideration of those Orders for Dismissal by November 7, 2022.[30]   Instead, weeks after the November 7, 2022 deadline fixed by the Deemed Reconsideration Order to move for reconsideration, the Debtor sought reconsideration of this Court's December 5, 2022 and December 12, 2022 Orders that merely implement, effect and enforce the Deemed Reconsideration Order, particularly as regards Wells Fargo and TIAA.

As to Kabe, Debtor's challenge to the December 5, 2022 and December 12, 2022 Orders is superfluous and unnecessary.   That is because Debtor timely filed an actual motion for reconsideration of the September 26, 2022 Order for partial dismissal of the Old Kabe Action, Adv. Pro. No. 22-1189, in accordance with the Deemed Reconsideration Order.   Thus, the December 5, 2022 and December 12, 2022 Orders had no bearing or impact on either of Debtor's adversary proceedings against Kabe.[31]   Nonetheless, the Debtor appealed this September 26, 2022 Order as well.[32]

In substance, Debtor's Motions for Reconsideration of the December 12, 2022 Order and Motions to Vacate the December 5, 2022 Order as to Wells and TIAA address primarily the Court's process in deeming the New Actions redundant of the Old Actions and were filed in derogation of its October 7, 2022 Deemed Reconsideration Order.   These Motions do not attempt to raise actual new or different grounds for reconsidering the Court's September 23, 2022 and October 7, 2022 Orders for Dismissal in the Old Actions as to Wells and TIAA (the process that the Deemed Reconsideration Order was intended to promote but that the Debtor ignored).   Instead,

---

[30] Oct. 7, 2022 Deemed Reconsideration Order, Main Dkt. No. 116.
[31] Sept. 26, 2022 Order, Dkt. No. 8; Oct. 7, 2022 Mot. for Reconsideration, Dkt. No. 12.
[32] Oct. 7, 2022 Notice of Appeal, Dkt. No. 13, Adv. Pro. No. 22-1189.

the Debtor's attempt to distinguish the New Actions from the Old Actions is based on his addition of officers and/or employees of the Lenders as parties and asserting allegedly "new" claims based on the same facts and years-old transactions.

      (i)      <u>The Wells Fargo Actions</u>

In his Motion for Reconsideration filed in the <u>Old</u> Wells Action, Adv. Pro. No. 22-1186, Debtor argues:

      (i)      that the Deemed Reconsideration Order was "excessively burdensome" in expecting the Debtor within thirty (30) days to "convert" the 67-page Old Complaint and 308-page New Complaint into a motion for reconsideration, even though it was the Debtor himself who filed both these extensive pleadings;

      (ii)      that the New and Old Actions are distinguishable and cannot be "consolidated as a single motion in nature," as:

            (A) Adv. Pro. No. 22-1186 "seeks judgment declaring that the promissory note and mortgage are unenforceable and [Debtor's] monetary damages due to HSBC's frivolous foreclosure action in the Chancery [C]ourt," even though a Final Judgment of Foreclosure was entered; but

            (B) Adv. Pro. No. 22-1308 "seeks judgment declaring that HSBC and Wells Fargo violated the state and federal rules, regulations and statutes including Wells Fargo's violations of the Federal Fair Housing Act and New Jersey Law Against Discrimination.[33]

In his Motion to Vacate filed in the <u>New</u> Wells Action, Adv. Pro. No. 22-1308, the Debtor similarly argues:

      (i)      that it was "unfair" for the Court to deem the New Action a motion for reconsideration of the first Complaint, without saying why it was unfair;

      (ii)      that it was "excessively burdensome" for the Court to ask the Debtor to "convert" 57 pages of the Old Complaint, 302 pages of the New Complaint and 125 pages of the Debtor's opposition (to Wells Fargo's motion to dismiss) into a motion for reconsideration, "which motion may seek permission to file an Amended Complaint in a new action," even though it was the Debtor himself who filed all three (3) of these extensive pleadings;[34]

---

[33] Debtor Mot. ¶¶ 4-6, Dkt. No. 35, Adv. Pro. No. 22-1186.

[34] The Debtor's numbers 57 and 302 should have mirrored 67 and 308 above but did not. Debtor Mot. ¶¶ 6-7, Dkt. No. 17, Adv. Pro. No. 22-1308.

(iii)    that the claims in the Old Complaint and New Complaint are different (as summarized above with respect to Debtor's motion under the Old Wells Action); i.e., that the Old and New Complaint do not involve the same parties, claims and issues;

(iv)    that Debtor was not properly served with the December 5, 2022 Order and did not have time to "respond" (and that, if he had been served, he would had requested reconsideration), even though the time for the Debtor to move for reconsideration had passed approximately a month earlier, and the Court itself served the December 5, 2022 Order on the Debtor by mail and BNC Notice;[35] and

(v)    that the Bankruptcy Court cannot close the New Action before the District Court has "adjudicated" the Bankruptcy Court's decision not to issue a Summons.[36]

As stated above, this Court dismissed the Old Wells Action with prejudice by Order entered on September 23, 2022 on the grounds that all matters pleaded therein had been or could have been fully litigated under the June 10, 2022 State Court Foreclosure Judgment.[37] Even though the Court denied the Debtor's oral request for dismissal without prejudice on the record on September 20, 2022 and warned Debtor against filing an Amended Complaint, the Debtor effectively did just that by filing the New Action against Wells and certain of its officers only two days later, on September 22, 2022, in Adv. Pro. No. 22-1308. The Debtor then ignored the Court's direction in the Deemed Reconsideration Order to seek reconsideration of the September 23, 2022 Order, as Debtor unilaterally determined that it was "unduly burdensome" to "combine" the Old and New Complaints, without offering any legal or factual support for that conclusory argument. Indeed, it is not at all clear to this Court why "combining" the Old and New Complaints and filing a properly-supported motion for reconsideration is "unduly burdensome," particularly when the Debtor prepared both those documents, and that is what the Deemed Reconsideration Order required him to do.

---

[35] Dec. 6, 2022 Certif. of Service, Dkt. No. 13; Dec. 7, 2022 BNC Notice, Dkt. No. 14, Adv. Pro. No. 22-1308.
[36] Debtor Mot. ¶¶ 6-15, Dkt. No. 17, Adv. Pro. No. 22-1308. As noted, on October 6, 2022, Debtor filed a Notice of Appeal to District Court on the Bankruptcy Court's failure to issue a Summons on Adv. Pro. No. 22-1308 (which Complaint was filed on September 22, 2022), even though no Order of any kind had yet issued in Debtor's second adversary proceeding against Wells Fargo.
[37] Sept. 23, 2022 Order, Dkt. No. 17, Adv. Pro. No. 22-1186.

In this regard, the Court notes that, although there is no specific provision for motions for reconsideration in the Bankruptcy Court, such motions are often made and generally determined under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59), which governs motions to alter or amend a judgment and/or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), which governs a motion for relief from a judgment or order. This Court will accordingly analyze Debtor's Motions under these Rules.[38] *See In re Scotto-diClemente*, 463 B.R. 308, 310 (Bankr. D.N.J. 2012), *aff'd*, 2012 WL 3314840 (D.N.J. Aug. 13, 2012) (analyzing motion for reconsideration under Fed. R. Bankr. P. 9023); *In re Lampman,* 494 B.R. 218, 222 (Bankr. M.D. Pa. 2013) (analyzing motion for relief from order under Fed. R. Bankr. P. 9024).

The Court also notes that, even though the Debtor is self-represented, he is a very experienced litigator, and his self-represented status does not allow him to ignore or violate applicable rules and Court Orders. *Huertas v, U.S. Dept. of Educ.*, 2010 WL 2771767, at \*5 (D.N.J. July 12, 2010) (and cases cited therein) (although "[c]ourts are encouraged to be more lenient when a litigant proceeds pro se," courts are also "unwilling to allow pro se litigants to disregard court orders and perpetually delay trial proceedings"). In that case, after careful analysis of the self-represented plaintiff's conduct, the relative harm to parties and the merit of plaintiff's claims, the District Court granted defendants' motions to dismiss a self-represented plaintiff's complaint for his repeated failure to comply with discovery and with discovery orders. *Huertas*, 2010 WL 2771767, at \*5-\*6.

As was noted above, after this Debtor failed to comply with the Deemed Reconsideration Order, the Court entered the two implementing Orders, as contemplated by the Deemed Reconsideration Order:

(i)     a December 5, 2022 Order dismissing the New Wells Action, with prejudice, just as the Old Wells Action had been; and

---

[38] Pursuant to Fed. R. Bankr. P. 9001(7), the term "'[j]udgment, means any appealable order."

(ii)     a December 12, 2022 Order denying the deemed motion for reconsideration in the Old Wells Action.

The December 5, 2022 Order (which the Debtor claims without explanation was not properly served) was served by chambers upon the Debtor on December 6, 2022 and by BNC upon the Debtor on December 7, 2022, with both mailings going to the Residence.[39]  Thus, the Debtor's claim of improper notice is rejected.

Nowhere in the Debtor's Motion for Reconsideration of the December 12, 2022 Order (as to the Old Wells Action), nor in the Debtor's Motion to Vacate Dismissal of the December 5, 2022 Order (as to the New Wells Action) does the Debtor state adequate grounds under Fed. R. Bankr. P. 9023 or 9024, *infra*, for the relief that he seeks.  Put simply, the Debtor cannot ignore an Order of the Court (the Deemed Reconsideration Order) and then launch collateral attacks on the implementing December 5, 2022 and December 12, 2022 Orders by filing belated motions to reconsider or vacate those latter Orders.

In addition, the Debtor proposes to file an Amended Complaint in the New Wells Action, even though (i) the Court already dismissed both the Old and New Wells Actions with prejudice based on the operation and finality of the June 10, 2022 Final Judgment of Foreclosure in favor of Wells Fargo; and (ii) the Court warned the Debtor on the record on September 20, 2022 that the Court would not entertain an Amended Complaint in the Debtor's Old Wells Action.  In response to these futile and duplicative Motions, Wells Fargo filed a Cross-motion for an Order declaring the Debtor a vexatious litigant; the Debtor filed an objection, and Wells Fargo, a reply.  This Cross-motion is discussed separately below.  Thus, Debtor's Motions to reconsider the December 12, 2022 Order and to vacate the December 5, 2022 Order will be denied for the various and separately sufficient reasons described in this Opinion.

(ii)     <u>The TIAA Actions</u>

---

[39] Dec. 6, 2022 Certif. of Service, Dkt. No. 13; Dec. 7, 2022 BNC Notice, Dkt. No. 14, Adv. Pro. No. 22-1308.

In his Motion for Reconsideration filed in the Old TIAA Action, Adv. Pro. No. 22-1190, the Debtor similarly argues:

(i)     that it was "excessively burdensome" for the Debtor to convert 61 pages of the Old Complaint and 293 pages of the New Complaint into a single motion for reconsideration, even though it was the Debtor himself who filed both these extensive pleadings;

(ii)     that the Old Action and New Action are distinguishable and "cannot be consolidated as a single motion in nature":

(A) the Old Complaint seeks both a declaratory judgment that the note and mortgage are unenforceable and money damages for the frivolous foreclosure action by TIAA's predecessor, even though TIAA obtained a State Court Order and subsequent Summary Judgment that dismissed Debtor's answer and counterclaims, asserting the same or similar claims;[40] but

(B) the New Complaint seeks judgment declaring that the Lender violated state and federal rules, regulations and statutes including the Federal Fair Housing Act and the New Jersey Law Against Discrimination.[41]

In his Motion to Vacate the Order for Dismissal in the New TIAA Action, Adv. Pro. No. 22-1324, the Debtor argues:

(i)     that it was "unfair" for the Court to deem the New Complaint a motion for reconsideration of the Old Complaint, without saying why it was unfair;

(ii)     that it was "excessively burdensome" for the Court to ask the Debtor to "convert" 61 pages of the Old Complaint, 293 pages of the New Complaint and 102 pages of the Debtor's opposition (to TIAA's motion to dismiss) into a motion for reconsideration, "which motion may seek permission to file an Amended Complaint in the new action," even though it was the Debtor himself who filed all three (3) of these these extensive pleadings;

(iii)     that the claims in the Old Complaint and New Complaint are different (as summarized above with respect to Debtor's motion under the Old TIAA Action); i.e., that the Old and New Complaint do not involve the same parties, claims and issues; and

(iv)     that Debtor was not properly served with the December 5, 2022 Order and did not have time to "respond" (and that, if he had been served, he would had requested reconsideration, even though the thirty days allotted to move for reconsideration of

---

[40] Sept. 2, 2022 Cascino Certif., Feb. 9, 2018 Order, Ex. C; May 29, 2018 Order for Summary Judgment Ex. D, Dkt. No. 6-2, Adv. Pro. No. 22-1190.
[41] Debtor Mot. ¶¶ 8-9, Dkt. No. 24, Adv. Pro. No. 22-1190.

those Orders had passed approximately a month earlier, and the Court itself served the December 5, 2022 Order upon the Debtor by mail and BNC notice).[42]

TIAA filed a unitary objection to these Motions (as well as to Debtor's Motion, *infra*, to stay the bankruptcy proceedings), and Debtor a reply.[43]    TIAA correctly argues that Debtor disobeyed the Court's instructions under the Deemed Reconsideration Order and provided no factual or legal support in his motion filed in the Old Action to reconsider the December 12, 2022 Order that denied deemed reconsideration or in his motion filed in the New Action to vacate the December 5, 2022 Order for Dismissal.

Citing the standard under Fed. R. Bankr. P. 9023 / Fed. R. Civ. P. 59(e) for altering or amending judgment, TIAA also correctly argues that Debtor's Motions do not argue or demonstrate:

(1) an intervening change in the controlling law;
(2) the availability of new evidence that was not available when the court granted
    . . . judgment; or
(3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (paragraphing added); *In re Scotto-DiClemente*, 463 B.R. 308, 310 (Bankr. D.N.J. 2012). Similarly, Debtor does not allege any grounds under Fed. R. Civ. P. 60(b) (made applicable here by Fed. R. Bankr. P. 9024) that this Court's Orders were entered as the result of mistake, inadvertence, surprise, excusable neglect, fraud or newly-discovered evidence.

Although there are other grounds for denying the Debtor's motions for reconsideration as to Wells Fargo and TIAA on the basis of the Debtor's failure to comply with the October 7, 2022 Deemed Reconsideration Order, that undenied and unexcused failure is, by itself, sufficient to deny Debtor's motions for reconsideration and/or vacation as to Wells Fargo and TIAA.  In fact, the

---

[42] Debtor Mot. ¶¶ 5-14, Dkt. No. 16, Adv. Pro. No. 22-1324.
[43] TIAA Obj., Dkt. No. 30, Adv. Pro. No. 22-1190; Dkt. No. 24, Adv. Pro. No. 22-1324; Main Case Dkt. No. 208; Debtor Reply, Dkt. No. 31, Adv. Pro. No. 22-1190; Dkt. No. 25, Adv. Pro. No. 22-1324; Main Dkt. No. 221.

Debtor's willful disregard of the October 7, 2022 Order and subsequent attempts to move to reconsider and/or to vacate the Court's Orders out of time and on essentially the same grounds that Debtor relied upon and that this Court rejected in dismissing the Complaints against Wells Fargo and TIAA are further evidence of this Debtor's duplicative, vexatious and seemingly never-ending litigation tactics.

The Debtor's Motions to reconsider and/or vacate these Orders as to Wells and TIAA are also denied because the Debtor is again attempting to re-litigate the very same issues that were raised or could have been raised in the prior proceedings in the State Court that have now carried over to not only this Court but also the District Court. Here, the Court incorporates and repeats its prior rulings and Orders that resulted in the dismissal of the Old Actions against Wells and TIAA.[44] Simply adding new parties who are officers or employees of the Lenders years after the allegedly wrongful conduct occurred in 2014 (or earlier) does not make the Debtor's subsequent Complaints new or different. Further, as to both Wells and TIAA, the Debtor is seeking to relitigate the same or similar claims in this Court that he already lost in the extensive proceedings before the State Court.

As to Wells Fargo, *res judicata* applies to claims that were brought or could have been brought in the original action and against parties to that prior action or those in privity with them. *See e.g., Brookshire Equities, LLC v. Montaquiza*, 346 N.J. Super. 310, 318-19 (App. Div. 2002), *cert. denied*, 172 N.J. 179 (2002). Thus, Debtor's assertedly new claims against Wells Fargo and its officers are barred by *res judicata*. As to TIAA, the Court would continue to abstain under the *Colorado River* doctrine, as the Debtor's purportedly "new" claims are really only a repackaging of his old claims and will not be heard by this Court, for the same reasons previously stated.

---

[44] Sept. 23, 2022 Order for Dismissal with prejudice, Dkt. No. 17; Sept. 20, 2022 Hr'g Tr. 27:20-49:13, Dkt. No. 19, Adv. Pro. No. 22-1186 (Wells); Oct. 7, 2022 Order for Abstention, Dkt. No. 9, Adv. Pro. No. 22-1190 (TIAA).

Finally, as to both Wells Fargo and TIAA, the Debtor also failed to even allege or much less show: (i) any intervening change in applicable law; (ii) the availability of new evidence not previously available when the Court issued the original Dismissal Orders; or (iii) any need to correct a clear error of law or prevent a manifest injustice. In this Court's view, it would be a manifest injustice to allow the Debtor to continuously and endlessly re-litigate issues that have already been litigated and, in most cases, also relitigated in other Courts. Thus, the Debtor's Motions to Reconsider and/or Vacate the December 5, 2022 and December 12, 2022 Orders as to Wells Fargo and TIAA are denied.

D.  Debtor's Motion to Reconsider the September 26, 2022 Order Dismissing in Part the Kabe Old Action

As summarized above, following a September 20, 2022 hearing, the Bankruptcy Court entered a September 26, 2022 Order that granted in part, with prejudice, Kabe's motion to dismiss the Old Action but denied Kabe's motion in part with regard to Debtor's claims concerning the validity, priority and assignment of Kabe's mortgage, as those issues had not been determined under Kabe's May 4, 2022 Final Judgment on its Note in State Court.[45] At the October 4, 2022 hearing (at which the Court granted TIAA's motion to dismiss and to abstain from its Old Action), the Court also made the rulings that generated the October 7, 2022 Deemed Reconsideration Order.[46] In this instance, the Debtor complied with the instruction of the Deemed Reconsideration Order by filing, on October 7, 2022, an actual motion for reconsideration of the September 26, 2022 Order for partial dismissal of Debtor's Old Kabe Action.[47] Kabe filed an objection to this motion, and Debtor, a reply.

As noted above, Debtor also sought to vacate the December 12, 2022 Order denying reconsideration as to the Old Kabe Action and the December 5, 2022 Order for Dismissal as to the

---

[45] The three (3) decretal paragraphs of the September 26, 2022 Order with regard to Kabe are set forth in n.17 *supra*.
[46] Oct. 7, 2022 Order, Main Dkt. No. 116.
[47] Debtor Mots., Dkt. Nos. 16, 28, Adv. Pro. No. 22-1189; Debtor Mot., Dkt. No. 19, Adv. Pro. No. 22-1322.

New Kabe Action, even though those Orders did not apply to Kabe. As to Kabe, these Motions by Debtor are superfluous, unnecessary and nonsensical, as the December 12, 2022 and December 5, 2022 Orders created "carve-outs" for the Old and New Kabe Actions; did not dismiss the New Kabe Action; and expressly provided that the outcome of Debtor's October 7, 2022 Motion for Reconsideration would determine the viability of the Old and New Kabe Complaints.[48] For these reasons, the Debtor's Motion to Vacate the December 5, 2022 Order and Motion to Reconsider the December 12, 2022 Order as to Kabe are also denied.

The Debtor also made multiple submissions for his October 7, 2022 timely-filed Motion for Reconsideration of the September 26, 2022 Order as to Kabe. In his initial submission, the Debtor makes no argument under Fed. R. Bankr. P. 9023 or 9024, but instead asserts that Debtor "has a reasonable possibility of succeeding on the merits" of the instant Motion -- an argument that has no relevance to a reconsideration motion and is wrong in any event.[49] Debtor then immediately launches a sequence of previously rejected arguments that once again seek to look behind the Final Judgment for $246,013.35 entered prepetition on May 4, 2022 on Kabe's State Court Action on the Note, in the Superior Court of New Jersey, Law Division, Passaic County, Dkt. No. PAS-L-144-21.[50] As before, and as with Wells and TIAA, Debtor's arguments go to standing; statute of limitations; enforceability of the Note; allegations that the May 4, 2022 Final Judgment was not final (as Debtor had motions pending in State Court as to Kabe when he filed his June 13, 2022 petition); allegedly improper accounting for debt service payments; various claims for breach of contract; and the misstatement of law that a final judgment on appeal is not final.[51]

---

[48] Dec. 12, 2022 Order, Dkt. No. 13, Adv. Pro. No. 22-1322. Nonetheless, Kabe attached its objections to these superfluous Motions, as did Debtor, his reply. This is another example of the chaos and confusion caused by Debtor's repetitive, duplicative and often frivolous filings.
[49] Debtor Mot., Dkt. No. 16, Adv. Pro. No. 22-1189.
[50] Debtor Mot. ¶ 5, Dkt. No. 16, Adv. Pro. No. 22-1189.
[51] Debtor Mot. ¶¶ 6-49, Dkt. No. 16, Adv. Pro. No. 22-1189.

As this Court previously held, all those arguments were *res judicata* under the May 4, 2022 State Court Final Judgment on the Note in favor of Kabe. The Bankruptcy Court's September 26, 2022 Order dismissing such claims with prejudice from the Debtor's Old Kabe Complaint recognized that bar.[52] By simply rearguing those barred claims in this Motion, Debtor has established no factual or legal basis that would allow the Court to reconsider that aspect of the September 26, 2022 Order that barred the Debtor from pursuing those claims here.[53] Thus, the Debtor's Motion for Reconsideration of that Order as to Kabe is denied as to issues relating to the validity of the Kabe Note or the amount due on its Final Judgment (and proof of claim).

Debtor also argues that the Court should "discharge" Kabe's lien under 11 U.S.C. §§ 506(d) and 551, without providing valid or specific grounds for the Court to do so, particularly because many of the Debtor's duplicative claims were based on arguments that were previously dismissed by the State Court (and then this Court) as to the validity of Kabe's Final Judgment on the Note and the amount due thereunder. However, the validity, priority and assignment of Kabe's mortgage on the Rental Property at 138 Independence Trail, Totowa, New Jersey were not at issue in that Law Division Action and are precisely the types of claims that the September 26, 2022 Order preserved for the Debtor to argue appropriately in this Court as an Adversary Proceeding, as Kabe had not filed a Foreclosure Complaint in State Court.[54] Those claims, if and when they are properly made and allowed, will abide further proceedings before this Court on the merits.[55] Thus, this aspect of the Debtor's motion is also denied as moot and unnecessary.

As noted, after the Debtor moved for reconsideration of the September 26, 2022 Order (that applied only to Kabe), Debtor also moved (as to Kabe) to reconsider the December 12, 2022 Order

---

[52] Sept. 20, 2022 Hr'g Tr. 64:16-72:24, Dkt. No. 9, Adv. Pro. No. 22-1189.
[53] Sept. 26, 2022 Order, at 2, Dkt. No. 8, Adv. Pro. No. 22-1189. The relevant decretal paragraph has already been quoted at n.17, *supra*.
[54] Sept. 26, 2022 Order, Dkt. No. 8, Adv. Pro. No. 22-1189.
[55] Sept. 26, 2022 Order, at 2, Dkt. No. 8, Adv. Pro. No. 22-1189. The relevant decretal paragraph has already been quoted at n.17, *supra*.

and to vacate the December 5, 2022 Order.  As further noted, neither of these Orders had an adverse effect on the Old or New Kabe Actions.

Debtor also again makes the same arguments (that are in many aspects copies of the same pleading) for Kabe as he did for Wells Fargo and for TIAA on his Motions with respect to the December 12, 2022 and December 5, 2022 Orders as to those two (2) Lenders.  Debtor argued as to the December 12, 2022 Order in the Old Kabe Action, Adv. Pro. No. 22-1189:

(i)      that it was "excessively burdensome" for the Debtor to convert 75 pages of the Old Complaint and 143 pages of the New Complaint and 162 pages of Debtor's opposition into a single motion for reconsideration, even though it was the Debtor himself who filed these extensive pleadings;

(ii)     that the Old Action and New Action are distinguishable and "cannot be consolidated" (emphasis deleted):

(A) the Old Complaint seeks a declaratory judgment that the note and mortgage are unenforceable and also seeks money damages for the frivolous foreclosure action by Kabe, even though Kabe has a Final Judgment on the Note and never filed a Foreclosure Action; but

(B) the New Complaint seeks judgment declaring that the Lender violated state and federal rules, regulations and statutes including the Federal Fair Housing Act and the New Jersey Law Against Discrimination; and

(iii)    that Debtor was not properly served with the December 12, 2022 Order.[56]

Debtor argued as to the December 5, 2022 Order in the New Kabe Action, Adv. Pro. No. 22-1322:

(i)      that it was "unfair" for the Court to deem the New Complaint a motion for reconsideration of the Old Complaint, without saying why it was unfair;

(ii)     that it was "excessively burdensome" for the Court to ask the Debtor to "convert" 75 pages of the Old Complaint, 143 pages of the New Complaint and 162 pages of the Debtor's opposition (to Kabe's motion to dismiss) into a motion for reconsideration, "which motion may seek permission to file an Amended Complaint in the new action," even though it was the Debtor himself who filed these extensive pleadings;

(iv)     that the claims in the Old Complaint and New Complaint are different (as summarized above in the Debtor's motion under the Old Kabe Action);

---

[56] Debtor Mot. ¶¶ 4-12, Dkt. No. 28, Adv. Pro. No. 22-1189.

     (v)     that the Old and New Complaint do not involve the same parties, claims and issues; and

     (vi)    that the Debtor was not properly served with the December 5, 2022 Order and did not have time to "respond" (and that, if he had been served, he would had requested reconsideration, even though it was served on him by the Court by mail and BNC notice).[57]

As observed above, it was not necessary for Debtor to make these arguments as to Kabe in the December 12, 2022 and December 5, 2022 Orders, which did not adversely affect Kabe.

On February 3, 2023, Kabe filed an objection to Debtor's Motion as to the December 12, 2022 Order in the Old Kabe Action and argued:

     (i)     that Debtor's appeal of the September 26, 2022 Order divests the Bankruptcy Court of jurisdiction to hear this Motion for Reconsideration, an incorrect statement of law under Fed. R. Bankr. P. 8002(b)(1) and (2), as set forth above; and

     (ii)    that, even if the Court had jurisdiction to hear the motion, Debtor has not met his burden under Fed. R. Bankr. P. 9023.[58]

Debtor's reply reiterated his position that the May 4, 2022 Final Judgment on the Note is not final; that the Bankruptcy Court's Deemed Reconsideration Order was onerous; that the Old and New Kabe Actions are distinguishable; and repeats his arguments as to Kabe's standing and the statute of limitations; improper accounting for debt service payments; and the like.[59]

On February 3, 2023, Kabe filed a similar objection to Debtor's Motion as to the December 5, 2022 Order (averring that the only difference between the Old and New Kabe Complaints was the addition of two (2) additional Defendants, a prior owner of the debt and an individual).[60] Debtor filed a reply congruent with (if not identical to) the reply that he filed in the Old Kabe Action.[61]

---

[57] Debtor Mot. ¶¶ 4-12, Dkt. No. 19, Adv. Pro. No. 22-1322.
[58] Kabe Obj. ¶¶ 8-11, Dkt. No. 36, Adv. Pro. No. 22-1189.
[59] Debtor Reply, Dkt. No. 37, Adv. Pro. No. 22-1189.
[60] Kabe Obj. ¶ 2, Dkt. No. 25, Adv. Pro. No. 22-1322.
[61] Debtor Reply, at 2-13, Dkt. No. 26, Adv. Pro. No. 22-1322.

As noted at the outset of this discussion, the Debtor has failed to raise grounds under Fed. R. Bankr. P. 9023 or Fed. R. Bankr. P. 9024 to mandate or even to induce the Bankruptcy Court to reconsider the September 26, 2022 Order that denied with prejudice those aspects of the Old Kabe Action that purport to raise claims that were *res judicata* under the May 4, 2022 State Court Final Judgment on the Note. The other allegedly "new" claims were made or could have been made by the Debtor in the State Court and are barred against Kabe and its privies (i.e., its officer and the prior holder of the Note) by *res judicata* and/or collateral estoppel according to "the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984); *Velasquez v. Franz*, 123 N.J. 498, 505-06 (1991); *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412-13 (1991); *In re Estate of Gabrellian*, 372 N.J. Super. 432, 446 (App. Div. 2004); *In re Estate of Dawson*, 136 N.J. 1, 20-21 (1994). These largely duplicative pleadings and arguments also evidence the vexatious and frivolous nature of the Debtor's litigation tactics.

Here, the Court once again repeats and reiterates its prior ruling and Orders on the Motion to Dismiss by Kabe (and, in many respects, the same Motions by Wells Fargo and TIAA).[62] The Court finds that there is nothing unfair or unduly burdensome about requiring the Debtor to follow the law and applicable rules in seeking reconsideration. Those latter rules and the Deemed Reconsideration Order require, among other things, a motion supported by competent facts and applicable legal authorities. This the Debtor did not do. As a result, the Court and Kabe (and the other Lenders) were required to review and analyze Debtor's duplicative and extremely voluminous pleadings in order to find that Debtor was making the same basic arguments that were

---

[62] Sept. 23, 2022 Order, Dkt. No. 17, Adv. Pro. No. 22-1186 (Wells); Sept. 26, 2022 Order, Dkt. No. 8, Adv. Pro. No. 22-1189 (Kabe); Oct. 7, 2022 Order, Dkt. No. 9, Adv. Pro. No. 22-1190 (TIAA); Sept. 20, 2022 Hr'g Tr., Main Dkt. No. 98 (as to Wells and Kabe).

previously rejected by the State Court (such as standing, wrongful foreclosure, violations of the New Jersey Consumer Fraud Act and the like) and then this Court.

In the New Action against Kabe (as in the parallel actions against the other Lenders), the Debtor added Kabe's officer and the prior holder of the Note as parties and asserted some allegedly "new" claims based on the same underlying facts and transactions that occurred years earlier. Thus, *res judicata* similarly bars the New Action as to Kabe and its officer and predecessor in interest based on its Final Judgment on the Note to the extent such claims were or could have been brought in the State Court Action in which the Final Judgment on the Note was entered. *Res judicata* does not, however, apply to the Debtor's challenges to the validity, priority or assignment of the Kabe Mortgage, as Kabe never commenced a foreclosure action against the Debtor. Those claims could not have been brought in Kabe's Law Division Action on the Note, but instead had to be brought in a separate Chancery Division Action for foreclosure. N.J.R. 4:3-1 and 4:64. Thus, the Debtor still has <u>potentially</u> viable claims against Kabe based on the validity, priority and assignment of the Kabe Mortgage, but has not yet properly asserted those claims in an adversary proceeding, as was required by this Court's prior Order of July 21, 2022 and Fed. R. Bankr. P. 7001(2).[63]

In sum, to effect these rulings as to Kabe, and utilizing the Court's 11 U.S.C. § 105(a) and inherent powers to attempt to restore order to these proceedings, the Court will dismiss with prejudice the New Kabe Action, Adv. Pro. No. 22-1322, but will allow the Debtor thirty (30) days from the date of entry of the accompanying Order to file and serve a motion in the Old Kabe Action to amend the Complaint to address only claims that do not violate the September 26, 2022 Order in the Old Kabe Action.[64]  The motion should be properly supported with facts and law and should include a copy of the proposed Amended Complaint marked to show the changes from the original

---

[63] July 21, 2022 Order, Main Dkt. No. 47.
[64] Sept. 26, 2022 Order, Dkt. No. 8, Adv. Pro. No. 22-1189.

Complaint, in compliance with Fed. R. Bankr. P. 7015, D.N.J. LBR 7015-1(a) and other relevant

rules.  Any such proposed Amended Complaint may not include claims that were already barred

by the May 4, 2022 Final Judgment on the Note and must be limited to matters that were not and

could not have been addressed in that Law Division Action; i.e., claims that are strictly based on

the alleged invalidity or priority of Kabe's mortgage or its assignment.

E.   Debtor's Motions in the Main Case to Compel Discovery

On December 22, 2022 (as to Wells Fargo and Kabe) and on December 27, 2022 (as to

TIAA) Debtor filed Motions in the main case to compel each of the three (3) Lenders to comply

with the Debtor's recent discovery demands that consisted in each case of a First Set of

Interrogatories and First Request for Production of Documents (the "Motions to Compel").  These

Motions to Compel roughly coincided with the Debtor's renewed motion practice in the adversary

proceedings, addressed below.  When Debtor filed these Motions, four (4) of the six (6) adversary

proceedings had already been dismissed.

(i)     Debtor's Broad Discovery Demands Are Mostly Improper

The Motions state that the Debtor made the following demands on the three (3) Lenders

(listed by date and number of demands, not counting subparts, if any) (collectively, the "Discovery

Demands"):

| Lender | Interrogatories | Date | Document Production | Date |
|---|---|---|---|---|
| Wells Fargo[65] | 25 | November 4, 2022 | 26 | November 4, 2022 |
| Kabe[66] | 21 | November 7, 2022 | 13 | November 7, 2022 |
| TIAA[67] | 25 | November 7, 2022 | 25 | November 7, 2022 |

Each Lender has filed an objection to Debtor's motion (and Wells Fargo has included a Cross-

motion to declare Debtor a vexatious litigant, addressed below).

---

[65] Mot. to Compel Wells, Main Dkt. No. 176.
[66] Mot. to Compel Kabe, Main Dkt. No. 181.
[67] Mot. to Compel TIAA, Main Dkt. No. 182.

The Debtor's broad Discovery Demands generally request the entire history of each loan, including its making, securitization, assignment; documents regarding loan modification; the identification of any employee that dealt with Debtor's loans; copies of any communications with Debtor; and proofs of service of various Court pleadings over the years, particularly in the State Court.  As to all three (3) Lenders, Debtor's Motions and discovery requests make clear that he is again improperly challenging their standing to enforce their loan instruments and the proceedings in the State Court generally.  The critical paragraph of each Motion (for each Lender) follows:

> 8.  This discovery is targeted at discovering whether Wells Fargo held the original mortgage note, and thus whether it was entitled to the Proof of Claim or to pursue foreclosure of the Mortgage.[68]

> 10.  This discovery is targeted at discovering whether Kabe held the original Promissory Note and Allonges, and thus whether it was allowed to appear as a creditor or to pursue foreclosure of the Mortgage.[69]

> 12.  This discovery is targeted at discovering whether TIAA held the original Promissory Note and thus whether it was allowed to appear as a creditor or to pursue foreclosure of the Mortgage.[70]

(emphases supplied).  Debtor asserts as to each Lender that this discovery is probative of his Fair Debt Collection Practices Act ("FDCPA") claim.  The Lenders' responses refer to and rely upon a sequence of Orders that this Court entered in October and December 2022 denying Debtor's motions to expunge the Lenders' claims.

Wells Fargo in its Cross-motion does not address the substance of Debtor's Motion to Compel but (i) argues generally that the appeals divest the Bankruptcy Court of jurisdiction to hear this Motion; and (ii) argues at least impliedly that the finality of its June 10, 2022 Final Judgment of Foreclosure moots Debtor's Discovery Demands.[71]

---

[68] Mot. to Compel Wells. ¶ 8, Main Dkt. No. 176.
[69] Mot. to Compel Kabe, ¶ 10, Main Dkt. No. 181.
[70] Mot. to Compel TIAA, ¶ 12, Main Dkt. No. 182.
[71] Wells Br., at 11, 14, Main Dkt. No. 196-1.

TIAA argues that there is no active adversary proceeding to support Debtor's Discovery Demands or Motion to Compel, the Court having entered an October 7, 2022 Order for Abstention in the Old TIAA Action; the December 5, 2022 Order for Dismissal of the New TIAA Action; and the December 12, 2022 Order denying deemed reconsideration of the October 7, 2022 Order in the Old TIAA Action.[72]

Kabe in its objection asks the Court to deny the Debtor's Motion to Compel with prejudice on the grounds that the Bankruptcy Court:

(i)  in the September 26, 2022 Order in the Old Kabe Action, Adv. Pro. No. 22-1189 dismissed with prejudice:

all claims . . . based on the August 11, 2005 Note (the "Note") that was the subject of the Final Judgment entered in the State Court Action on May 4, 2022 in favor of Kabe and against Debtor in the amount of $246,013.35;

(ii)  in an October 5, 2022 Order in the main case, denied with prejudice Debtor's objection to Kabe's Claim No. 2-1 on the grounds of timeliness or of any issue decided under the September 26, 2022 Order, *infra*; and

(iii)  in the December 12, 2022 Order, "confirmed" the terms of the September 26, 2022 Order.[73]

Kabe asserts that Debtor's FDCPA claim was dismissed with prejudice under the above Orders, all of which were based on the prior Orders entered in the State Court; Debtor does not challenge Kabe's statement but merely reasserts that Kabe violated the FDCPA.[74]  Kabe reiterates that it has never instituted a foreclosure action against the Debtor and implies as a consequence that the Debtor's Discovery Demands as to Kabe's Mortgage are irrelevant, even though the September 26, 2022 Order denied without prejudice Kabe's motion to dismiss the Old Kabe Action with regard to the validity, priority or assignment of the Kabe Mortgage.[75]

---

[72] TIAA Br., at 2, Main Dkt. No. 198.

[73] Kabe Br. ¶¶ 2-4, Main Dkt. No. 205.

[74] Kabe Br. ¶ 10 regarding 15 U.S.C. §§ 1692(e)(3), (e)(10) and (f)(1), Main Dkt. No. 205.

[75] Kabe Br. ¶ 12, Main Dkt. No. 205; Sept. 26, 2022 Order, at 2, Dkt. No. 8, Adv. Pro. No. 22-1189.  Further, at oral argument, Kabe's counsel acknowledged that issues relating to the validity, priority and assignment of the Kabe Mortgage not were addressed by the State Court, as Kabe never instituted a foreclosure action against the Debtor.

Likewise, this Court's October 5, 2022 Order addressing Debtor's objection to Kabe's

Claim No. 2-1 denied the Debtor's objection in part:

> without prejudice as to the Debtor's right to object to Kabe's claim on grounds other than those set forth in subsections (i) and (ii) of the prior Ordered paragraph. If the Debtor reasserts any of the grounds precluded by this Order, they will not be considered by the Court.[76]

After the October 5, 2022 Order, the Debtor moved again to expunge Kabe's Claim No. 2-1. Under

a December 16, 2022 Order, the Court denied the Debtor's application with prejudice as to the

arguments made in that application, as they did not relate to the "carve-out" for any claims by

Debtor related to the validity, priority or assignment of the Kabe Mortgage.[77]   To address this

issue, and as is noted above, the Court is providing the Debtor with one final opportunity to assert

his claims as to the validity, priority and assignment of Kabe's Mortgage by allowing him to move

to assert such claims – and only such claims -- in an Amended Complaint that must be filed within

thirty (30) days of the Order implementing this Opinion.

(ii)     <u>Decision on Motions to Compel</u>

As to Wells Fargo, the Court denies Debtor's Motion to Compel Discovery on the grounds

that there was and is no pending adversary proceeding to support Debtor's demands under Fed. R.

Bankr. P. 7033 (interrogatories) and 7034 (notice to produce).   Furthermore, by Order entered on

October 5, 2022, the Bankruptcy Court denied in part with prejudice Debtor's motion to expunge

Wells Fargo's Claim No. 1-1 on grounds decided under the Bankruptcy Court's September 23,

2022 Order dismissing with prejudice the Old Wells Action, including standing, but denied the

expungement motion without prejudice as to other grounds.[78]   The Debtor renewed its motion to

---

[76] Oct. 5, 2022 Order, at 2, Main Dkt. No. 110.
[77] Dec. 16, 2022 Order, Main Dkt. No. 159.   When Debtor propounded this discovery on November 7, 2022, the December 5 and 12, 2022 implementing Orders has not been entered; they had been entered by the time Debtor filed this Motion to Compel on December 27, 2022; and Debtor certainly knew he was in violation of the October 7, 2022 Deemed Reconsideration Order when he propounded this discovery.   The Debtor has also appealed the December 16, 2022 Order.
[78] Oct. 5, 2022 Order, Main Dkt. No. 111.

expunge, and the Court entered a December 16, 2022 Order denying Debtor's renewed motion with prejudice as to Wells Fargo.[79]  The Debtor has appealed this December 16, 2022 Order.

As to TIAA, the Court similarly denies Debtor's Motion to Compel Discovery on the grounds that there is no pending adversary proceeding to support Debtor's demands under Fed. R. Bankr. P. 7033 (interrogatories) and 7034 (notice to produce).  By Order entered on October 5, 2022, the Court denied with prejudice Debtor's Motion to expunge TIAA's Claim No 4-1 on the grounds of timeliness but without prejudice as to any other grounds and granted TIAA thirty (30) days to amend its claim (as TIAA did).[80]  The Debtor neither appealed this Order nor renewed his motion to expunge TIAA's claim.

As to Kabe, the Debtor's Motion to Compel is denied in part as to Debtor's discovery with respect to any issues relating to the Kabe Note, as the Court's September 26, 2022 Order dismissed with prejudice the Old Kabe Action to the extent it represented a collateral attack on the State Court May 4, 2022 Final Judgment on the Note on *res judicata* grounds.  However, Debtor's Motion to Compel Kabe is granted as to any issue related to the validity, priority and assignment of Kabe's Mortgage, which was not litigated in the State Court Action or subject to the Final Judgment on the Note.  In this regard, based on the Court's review of the Debtor's pending discovery requests, Kabe would be required to respond only to Document Demands Nos. 1, 8 and 9 (as related to the Kabe Mortgage only).  The interrogatories to Kabe all relate to the Note and sometimes the Mortgage and are overbroad.  In an effort to attempt to streamline these matters and avoid unnecessary duplication, confusion or delay, the Debtor's Motion to compel Kabe to answer interrogatories and produce documents as currently proposed is denied, without prejudice to the Debtor's right to serve interrogatories and document demands within thirty (30) days limited to the validity, priority and assignment of the Kabe Mortgage, as described above.  The Debtor will

---

[79] Dec. 16, 2022 Order, Main Dkt. No. 160.
[80] Oct. 5, 2022 Order, Main Dkt. No. 112.

be required to limit his discovery requests to the specific areas noted above, and Kabe will not be required to answer any discovery that exceeds that limited scope.

    F.   <u>Debtor's Pending Motions in the Main Case to Stay the Bankruptcy</u>

        The Debtor has filed three (3) motions in the main case to stay the main case and various Debtor-obligations and pending Creditor-motions in the main case, as well as having filed a discrete letter-request to stay <u>every</u> pending motion that the Debtor himself has filed until the appeals are decided.[81]

        TIAA argues in its objection that the Debtor has not made a showing under the standard for imposition of an injunction as to why the Bankruptcy Court should stay these proceedings:

> (1) whether the appellant has made a strong showing of the likelihood of success on the merits,
> (2) whether the appellant will be irreparably harmed if a stay is not granted,
> (3) whether a stay would substantially harm other parties with an interest in the litigation, and
> (4) whether a stay is in the public interest.

*In re Revel AC, Inc*., 803 F.3d 558, 568 (3d Cir. 2015); *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).[82]

        As to these factors, TIAA first argues that Debtor is unlikely to succeed on the merits of his appeals.[83]   Debtor filed the New TIAA Action on October 3, 2022, after Debtor had the benefit of this Court's adverse rulings in the Old Wells and Old Kabe Actions, but before the Court even heard oral argument on October 4, 2022 on TIAA's motion to dismiss the Old TIAA Action. TIAA also relies upon Debtor's alleged admission that he took <u>no steps</u> to comply with the Bankruptcy Court's Deemed Reconsideration Order or acknowledge that the TIAA New Action was dismissed as a result.[84]   TIAA further argues that Debtor has not alleged any irreparable harm that he will

---

[81] Debtor Mots. at Main Dkt. Nos. 189, 193, 194.
[82] TIAA Obj., at 6, Main Dkt. No. 208.
[83] TIAA Obj. at 5-6, Main Dkt. No. 208.
[84] TIAA Obj., at 6, Main Dkt. No. 208.

suffer if the bankruptcy case is not stayed, as the State Court has not entered final judgment against Debtor on TIAA's claims.[85]   By contrast, TIAA argues that a stay of the bankruptcy case would harm TIAA, which has been carrying the costs of its collateral for at least six (6) years without the Debtor paying anything to TIAA.[86]   TIAA concludes that there is no public interest preventing TIAA from enforcing its contractual rights against the Debtor.[87]   Wells objects on similar grounds.[88]

The Court agrees with these objections and finds that the Debtor has not satisfied any of the requirements for the extraordinary relief he seeks as to TIAA, Wells, Kabe or this case generally.  Such a stay would serve only to further extend and delay proceedings that have already gone on for too long.  Debtor's Complaints have been repeatedly dismissed by this and other Courts, and the Debtor has shown no likelihood or even a possibility of success.  In fact, the opposite is true, for all the reasons previously stated.

Similarly, the Debtor has not demonstrated any irreparable harm that will be caused by allowing the Lenders to proceed with foreclosure actions that have been pending and delayed by the Debtor for years, particularly where, as here, he has failed and refused to pay the mortgages and taxes on his Properties for many years.  The harm has been to the Lenders, who have been prevented from exercising their legal rights for too long.   Thus, the balance of harms analysis also falls in favor of the Lenders.  Additionally, the public interest lies in allowing Lenders to finally enforce their rights in ending (or at least seeking to end) litigation that is duplicative, vexatious and frivolous and has gone on for six (6) years or more in certain cases.

Finally, the Debtor seems to believe that, by merely filing appeals, all the related litigation and this entire case are or should be stayed until all his appeals are decided.  That is simply not the

---

[85] TIAA Obj., at 8, Main Dkt. No. 208.
[86] TIAA Obj., at 8, Main Dkt. No. 208.
[87] TIAA Obj., at 8-9, Main Dkt. No. 208.
[88] Wells Obj., at 4-8, Main Dkt. No. 203.

law, nor could it be, as it would allow a party to endlessly extend litigation by simply filing

repeated appeals (as the Debtor has attempted to do here and in State Court).  Any such stay

constitutes extraordinary relief and must be earned by satisfying the four (4) factors described

above.  The Debtor has satisfied none of them.  Thus, the Debtor's applications for a stay are

denied.

G.  <u>Cross-motion by Wells Fargo to Declare the Debtor a Vexatious Litigant</u>

On January 11, 2023, Wells Fargo filed, as a Cross-motion to Debtor's Motions for

Reconsideration in the Old and New Wells Actions and to the Debtor's Motion to Compel

Discovery in the main case, an application for an Order declaring the Debtor a vexatious litigant.

Although Wells Fargo's Cross-motion appears to have been triggered by the above three Motions

filed by the Debtor against Wells Fargo (reconsideration, vacation and discovery), Wells Fargo

also invokes:

(i)     the divestiture of jurisdiction created by the appeals, an argument that is incorrect
        because motions for reconsideration on the Orders on appeal are pending in
        Bankruptcy Court. Fed. R. Bankr. P. 8002(b)(1) and (2));

(ii)    the Debtor's filing the bankruptcy petition on June 13, 2022 for the express purpose
        of preventing the enforcement of Wells Fargo's June 10, 2022 Final Judgment of
        Foreclosure;

(iii)   the Debtor's prepetition pursuit of six (6) District Court proceedings that were
        administratively terminated by that Court's July 27, 2022 Order;

(iv)    the Debtor's filing cumulative adversary proceedings against Wells Fargo, Adv.
        Pro. No. 22-1186 and 22-1308;

(v)     Wells Fargo's observation that every action taken by the Debtor against Wells
        Fargo in the bankruptcy case and in the adversary proceedings has been an effort
        to unwind Wells Fargo's July 28, 2017 Summary Judgment and June 10, 2022 Final
        Judgment of Foreclosure in the State Court Action;

(vi)    the Debtor's pursuit of fourteen (14) appeals of the Bankruptcy Court's denial of
        Debtor's bankruptcy applications (which, with one limited exception as to Kabe,
        either challenge Debtor's adverse State Court rulings or seek to duplicate pending
        State Court Actions); and

(vii)    the Debtor's multiple letter requests and motions to stay proceedings and motions that he filed.[89]

Wells Fargo considers its Cross-motion an exception to the "divestiture rule" under Fed. R. Bankr. P. 8007(e)(2) ("the bankruptcy court may . . . issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest") that Wells applied to other aspects of these motions.  As noted above, the Court rejects Wells's divestiture argument as to the pending appeals, because the Debtor has filed motions for reconsideration or deemed motions for reconsideration of all of the relevant Orders, and the Court entered the October 7, 2022 Deemed Reconsideration Order in an effort to control its docket in the case and adversary proceedings pending before it.  The Court now moves to the merits of the Cross-motion.

Wells Fargo seeks relief under 28 U.S.C. § 1651 ("Writs") and specifically under subsection (a), which provides:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a); *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) ("while the All Writs Act, 28 U.S.C. § 1651, gives the district court the power to issue an injunction to restrict the filing of meritless pleadings, it is an extreme remedy which must 'be narrowly tailored and sparingly used'") (internal citation omitted).  Wells Fargo also seeks sanctions under 28 U.S.C. § 1927 ("Counsel's liability for excessive costs") while acknowledging that it is not clear that this statute applies to self-represented parties:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[89] Wells Br., at 3-15, Main Dkt. No. 196-1; Dkt. No. 40-1, Adv. Pro. No. 22-1186; Dkt. No. 24-1, Adv. Pro. No. 22-1308.

28 U.S.C. § 1927. Wells Fargo also invokes Fed. R. Bankr. P. 9011 and the Bankruptcy Court's inherent powers to sanction Debtor and to formulate a remedy.[90]

Debtor's opposition to Wells Fargo's Cross-motion on its face proves Wells Fargo's complaint of vexatious litigation, as Debtor expends twenty-one pages justifying his pursuit of allegedly unresolved factual disputes between Wells Fargo and himself, even though they have been repeatedly and conclusively resolved against him in State Court and this Court.[91]

Further, as noted, the Debtor has filed fourteen (14) appeals of Bankruptcy Court Orders (beginning with his appeal of the September 23, 2022 Order dismissing with prejudice the Old Wells Action) or directives (e.g., the Bankruptcy Court's decision not to issue Summonses in the New Actions). These fourteen (14) matters are in addition to the six (6) prepetition proceedings that the Debtor filed and that the District Court stayed under its July 27, 2022 Order in light of the Debtor's bankruptcy.[92] The Court further notes that the Debtor also sought to extend or delay the District Court proceedings by filing multiple motions for stays, discovery or to extend time to file his briefs.

The District Court dockets reflect that, in mid-January 2023, the Debtor filed five (5) motions in the appellate dockets to stay all or parts of these bankruptcy proceedings, as well as a letter to the Magistrate Judge in a sixth appellate docket complaining about the conduct of the bankruptcy proceeding (after the Magistrate Judge denied Debtor's discovery motion). In two appeals which affect Wells Fargo, Wells filed a Cross-motion to have Debtor declared a vexatious litigant. In the most-affected appeals, the District Court entered a February 14, 2023 Letter-Order that denied Wells Fargo's cross-motion but included a specific admonition that this Debtor could

---

[90] Wells Fargo Br., Main Dkt. No. 196-1. Wells has not, however, offered any proof that it complied with the prerequisites for filing a Rule 9011 motion, such as a letter including the proposed motion and allowing the Debtor twenty-one (21) days to withdraw the allegedly offensive pleading. Thus, Wells's Cross-motion is denied to the extent it relies on Fed. R. Bankr. P. 9011.

[91] Debtor Obj., Main Dkt. No. 206.

[92] July 27, 2022 Order, Dkt. No. 97, D.N.J. Case Nos. 20-cv-14387-KM-ESK *et al*.

not file any more motions for reconsideration or stays in both the District Court and the Bankruptcy

Court.[93]  In this regard, the District Court stated:

> The Court also notes that Appellant has sought reconsideration in the bankruptcy
> court, of the same orders that he has appealed. The Court will not consider these
> appeals until after the bankruptcy court has decided the reconsideration motions.
> See Fed. R. Bankr. P. 8002(b).[94]

Thus, in its February 14, 2023 Order, the  District Court found and stated as follows:

> To date, Plaintiffs has filed a Chapter 11 bankruptcy proceeding, six
> adversary proceedings, fourteen appeals to this Court relating to the bankruptcy
> matters, and three additional cases in this Court attacking the state court
> foreclosure. Even after the state foreclosure proceedings have closed, Plaintiff
> continues to create new controversies by suing the same defendants, over the same
> issues, repeatedly.
>
> Here, Plaintiffs' numerous actions filed both in this Court and in the
> Bankruptcy Court come very close to establishing him as a vexatious litigant under
> 28 U.S.C. § 1927. "District courts in this circuit may issue an injunction to require
> vexatious litigants to obtain the approval of the court before filing further
> complaints." Mikkilineni v. Gibson Thomas Eng'g Co., 379 F. Appx 253[,] 255-56
> (3d Cir. 2010). Indeed, where the pleadings raise issues identical to those that have
> already been adjudicated, the district court may enjoin vexatious litigants from
> filing additional meritless pleadings. 28 U.S.C. § 1651; Matter of Packer Ave.
> Assoc., 884 F.2d 745, 747 (3d Cir. 1989); Yadav v. Surtees, 87 F. App'x 271 (3d
> Cir. 2004).
>
> Because the Court recognizes that "[a]ccess to the courts is a fundamental
> tenet of our judicial system [and] legitimate claims should receive a full and fair
> hearing no matter how litigious the plaintiff may be," In re Oliver, 682 F.2d 443,
> 446 (3d Cir. 1982), the court will afford him one final opportunity before deeming
> him a vexatious litigant. However, moving forward, Appellant is directed NOT to
> call chambers staff. Nor should he file stay and reconsideration motions
> simultaneously here and in the Bankruptcy Court. If any filing is made in violation
> of this Order, the Court will reconsider deeming him a vexatious litigant.[95]
>
> In the Bankruptcy Court, by contrast, the Debtor has crossed the line to vexatious litigation.

In addition to the fourteen (14) appeals to the District Court, Debtor has filed six (6) adversary

---

[93] Feb. 14, 2023 Letter-Order, Dkt. No. 16, D.N.J. Case No. 22-cv-5935-MCA (appeal of Bankruptcy Court's decision
not to issue Summons in New Wells Action, Dkt. No. 22-1308).
[94] Feb. 14, 2023 Letter-Order, at 1 n.1, Dkt. No. 16, D.N.J. Case No. 22-cv-5935-MCA.
[95] Feb. 14, 2023 Letter-Order, at 1-2, Dkt. No. 16, D.N.J. Case No. 22-cv-5935-MCA.

proceedings in this Court, and six (6) actions that are pending (but stayed/administratively dismissed) in the District Court.

But that is far from the entire story.  On the March 7, 2023 return date in this Court alone, the Debtor had fourteen (14) motions pending in addition to the many other motions he has already filed in this case.  By his actions, he has compelled the Lenders to repeatedly respond to and the Court to address and resolve numerous substantive motions (even before the barrage returnable on March 7, 2023).  He similarly disregarded the September 23, 2022 Order that dismissed the Old Wells Action with prejudice and the Court's refusal to declare the dismissal to be without prejudice by immediately thereafter filing the New Wells Action.  He also ignored and attempted to evade the October 7, 2022 Deemed Reconsideration Order as to Wells and TIAA by filing collateral challenges to the Bankruptcy Court's implementing Orders of December 5 and 12, 2022, rather than direct challenges to the Court's September 23, 2022 and October 7, 2022 Orders as to the Old Wells and Kabe Actions.  And then, when the Court attempted to impose some order and restraint on the Debtor's unbridled litigation tactics, he argued it was unfair and even unconstitutional to simply require him to follow applicable rules and this Court's Orders in litigating this case and the many related adversary proceedings that he has initiated.  In sum, Mr. Mo has created a confused, complicated and duplicative docket by his actions -- actions that have resulted in multiple unnecessary and improper proceedings before this and other Courts.

In this Court's view, Mr. Mo is the embodiment of a vexatious litigant, and the Court so finds.  Accordingly, he will be barred from filing any pleadings, motions, motions for reconsideration or stays or any other applications that, directly or indirectly, seek relief that has already been denied by this Court without this Court's prior approval, as detailed in the Order implementing this Opinion.

H.  <u>Motion by Wells Fargo for Stay Relief</u>

Wells Fargo filed a January 5, 2023 Motion for Relief from Stay under 11 U.S.C. § 362(d)(1) for cause and from the co-debtor stay with respect to Debtor's Residence at 23 Independence Trail, Totowa, New Jersey 07512, over the Certification of a Vice President for Loan Documentation, who certifies that the balance due on the loan as of December 8, 2022 was $1,104,286.64 (including $618,271.85 in principal; $286,918.73 in interest and $193,755.28 in advances).[96]  The officer further certified:

(i)      that the loan is contractually due for April 1, 2015 and forward and that Debtor has made no postpetition payments; and

(ii)     that Debtor has no equity in the Residence, based on a July 20, 2022 exterior-inspection appraisal at $940,000.[97]

Wells Fargo properly served the Motion on the Debtor and on co-debtor Dae Shim at the Residence.[98]  Wells argues essentially that it is not adequately protected (which constitutes cause for relief from stay under 11 U.S.C. § 362(d)(1)) and that the Debtor has no equity in the Residence.

The Debtor filed a lengthy objection (a thirty-page Brief and forty (40) pages of Exhibits) on the same repetitive and already discredited grounds:

(i)      that Wells Fargo is not the noteholder and lacks standing, issues that were fully adjudicated when the State Court entered the June 10, 2022 Final Judgment of Foreclosure.  Debtor reiterates his complaint that Wells Fargo misapplied payments in 2015, years before the Final Judgment of Foreclosure was entered and the amount due determined by the State Court over the Debtor's objection;

(ii)     that Wells Fargo's Claim No. 1-1 for $1,073,185.47 (filed on July 12, 2022) is overinflated with fees and that the amount due is disputed because the Debtor has appealed this Court's December 16, 2022 *Order Denying with Prejudice Debtor's Motion to Expunge and to Disallow Claim No. 1-1 filed by Wells Fargo Bank, N.A.*, which held in most relevant part:

> **ORDERED** that Wells Fargo Bank, N.A. has an allowed claim in the amount of the State Court Final Judgment, i.e., $1,061,232.39, plus any lawful interest under State and Federal Bankruptcy law.[99]

---

[96] Certification of Caitlyn Green, Dkt. No. 191-1 ("Green Certif.").
[97] Green Certif., July 20, 2022 Appraisal, Ex. A, Dkt. No. 191-1.
[98] Certif. of Service, Dkt. No. 191-10.
[99] Dec. 16, 2022 Order, Dkt. No. 160.

Once again, all the charges questioned by the Debtor predate the June 10, 2022 Final Judgment of Foreclosure;

(iii)    that Wells Fargo has not proven that Debtor's bankruptcy "was part of a scheme to delay, hinder, or defraud," but Wells does not seek relief under 11 U.S.C. § 362(d)(4) (and did not brief this issue);[100]

(iv)    that Wells Fargo did not raise adequate grounds for relief from the co-debtor stay under "11 U.S.C.1301." Wells has done so, but § 1301 does not apply in any event in this Chapter 11 case;[101] and

(v)    that Wells Fargo's appraisal of the Residence at $940,000 is stale; Debtor produced a January 30, 2023 appraisal for $1,190,000, which is $128,768 more than the $1,062,232.39 Final Judgment of Foreclosure entered on June 10, 2022 (on which unpaid interest and expenses continue to accrue). Debtor argues that he has an adequate cushion to militate against stay relief.[102]

According to Wells Fargo's July 12, 2022 Claim No. 1-1, the last debt service on the loan was $6,129.19/month; the prepetition arrears total $538,408.13; the loan is in default for the payment due April 1, 2015 and forward; the contract interest rate was 6.375%; and the judgment interest rate under N.J.R. 4:42-11 is 2.25% per year (consulting the Rule and its accompanying note for the variable component of the rate). Further, the Debtor ignores the certification filed on behalf of Wells Fargo that calculates the amount due as of December 8, 2022 to be $1,104,286.64 and growing. Thus, by any measure, the equity cushion in the Residence -- even using the Debtor's appraisal -- is non-existent and, even if it did exist, is rapidly eroding. Further, the Debtor has not offered to make any adequate protection payments to Wells (or anyone else).

In short, Wells Fargo is not being adequately protected, as there is little or no equity in the Property, and the Debtor is not paying anything to Wells Fargo (and has not for years), while

---

[100] Debtor Obj., at 25, Dkt. No. 207.

[101] In *In re Saleh*, 427 B.R. 415, 422 (Bankr. S.D. Ohio 2010), the Court explained: "There is no statutory section in Chapter 11 comparable to § 1301 which is why bankruptcy courts resort to § 105(a) to extend the stay or issue injunctions within Chapter 11 cases." For the record, Wells Fargo did indeed reference "§ 1301" relief in its Notice of Motion for stay relief and proposed Order but did not address this relief at all in the text of its Motion, Main Dkt. No. 191. And, as noted above, § 1301 is not applicable in this Chapter 11 case in any event.

[102] Debtor Obj., at 29; Jan. 30, 2023 Appraisal, Ex. E, Dkt. No. 207. The Court notes that, although the cover letter for Debtor's Appraisal is dated "January 30, 2022," the interior dates on the Appraisal itself are all from January 2023.

interest and taxes continue to accrue, and the Debtor continues to reside at the Residence expense free.  More than sufficient cause for stay relief in favor of Wells Fargo has been shown and will be granted.

I.  <u>Motion for Stay Relief by TIAA</u>

TIAA filed a January 30, 2023 motion for stay relief over two (2) Certifications of Helenita Haney Sanes, Assistant Vice President ("Ms. Sanes"), with respect to the first mortgage on Debtor's Rental Property at 138 Independence Trail, Totowa, New Jersey 07512 on the grounds that Debtor has made no postpetition payments.[103]  Ms. Sanes certifies that TIAA holds the original mortgage note.[104]  Ms. Sanes also certifies that the loan is contractually due for June 1, 2014 and forward.[105]   Debt service is $2,980.98/month.[106]   Ms. Sanes's second Certification shows that Debtor has no equity in the Rental Property (as value = $660,000 per Debtor's Schedule; TIAA's claim = $620,814.09 as of January 30, 2023; and Kabe's claim = $264,013.35).   TIAA also includes a lien of JP Morgan Chase Bank and a lien of the United States aggregating $1,550,467.[107] To calculate whether the Debtor has equity in property for the purpose of stay relief under 11 U.S.C. § 362(d), the Court should include the interests of junior lienholders.  *In re Cardell*, 88 B.R. 627, 631-32 (Bankr. D.N.J. 1988).

The Debtor filed an extensive objection, in which he (again) asserts that TIAA does not hold the note; does not have standing to file the State Court Foreclosure Action, a proof of claim, or this stay relief Motion; cannot seek equitable relief because it has "unclean hands"; has misapplied payments; has miscalculated the balance due; and is adequately protected.[108]   Here, the

---

[103] Sanes Certif. ¶ 7, Dkt No. 202-1.
[104] Sanes Certif. ¶ 6, Dkt. No. 202-1; October 7, 2022 *Order Abstaining from Hearing Debtor's Claims Against Defendant and Dismissing Adversary Complaint*, Dkt. No. 9, Adv. Pro. No. 22-1190.
[105] Sanes Certif. ¶ 7, Dkt. No. 202-1.
[106] Sanes Certif. ¶ 8, Dkt. No. 202-1.
[107] Sanes Certif., at 2, Dkt. No. 202-2; Aug. 4, 2022 Sched. D, Dkt. No. 53 (in which Debtor describes his debt to the United States as a judgment lien).
[108] Debtor Obj., Dkt. No. 229.

Debtor also submits as an Exhibit an October 17, 2018 letter from the Department of Justice, which identifies its debt as restitution for a criminal conviction against the Debtor; and which states that the United States would release the lien upon payment of $35,000 to be applied toward Debtor's restitution.[109]  This is not a defense to a stay relief motion, even if it had been paid (and Debtor submits no evidence that it has been).  Further, the Debtor has no equity in his Rental Property even without considering the Government's restitution claim and lien.

Here again, ample cause for stay relief has been shown and will be granted, as the Debtor has no equity in the Rental Property; has not even alleged that it is necessary for his reorganization; has not made any payments to TIAA in years; has apparently been collecting rent for the Rental Property while failing to make any payments to TIAA; and has failed to offer any adequate protection to TIAA.  Further, the Debtor's recycled standing and related claims have been rejected by the State Court, as noted above.  Thus, TIAA's stay relief motion will be granted so the long-delayed State Court proceedings can finally move forward to final and complete resolution.[110]

### J.  Debtor's Motion to Extend Exclusivity

On February 8, 2023, the Debtor filed a second (timely) motion under 11 U.S.C. § 1121(d) to extend exclusivity through August 7, 2023, a date 420 days (60 weeks) after the June 13, 2022 filing date.  11 U.S.C. § 1121(d)(2)(A) fixes 18 months postpetition as the outer limit of exclusivity (that is December 13, 2023).  Under the November 8, 2022 Order, exclusivity expired on February 8, 2023 (with solicitation to expire on April 9, 2023).[111]  No party objected to this Motion.

Factors that the Court may consider on an application to extend exclusivity include:

1.) the size and complexity of the case,
2.) the necessity of sufficient time to negotiate and prepare adequate information,
3.) the existence of good faith progress,
4.) whether the debtor is paying its debts as it becomes due,

---

[109] Debtor Obj., at 28-29; Oct. 17, 2018 Letter, Ex. B, Dkt. No. 229.
[110] This Order complements this Court's Oct. 7, 2022 *Order Abstaining from Hearing Debtor's Claims Against Defendant and Dismissing Adversary Complaint*, Dkt. No. 9, Adv. Pro. No. 22-1190.
[111] Nov. 8, 2022 Order, Dkt. No. 139.

5.) whether the debtor has demonstrated reasonable prospects for filing a viable plan,

6.) whether the debtor has made progress negotiating with creditors,

7.) the length of time a case has been pending,

8.) whether the debtor is seeking an extension to pressure creditors, and

9.) whether or not unresolved contingencies exist.

*In re Central Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (paragraphing added).

In support of this Motion, the Debtor characterizes this as a complex case based on the fourteen (14) pending appeals, six (6) adversary proceedings and uncertainty about the Lenders' proofs of claim.[112] Debtor asserts that he has made "good faith" progress toward a Plan by prosecuting these fourteen (14) appeals and objecting to the "falsified" proofs of claim.[113] He states that he has paid his "undisputed, postpetition expenses and invoices in the ordinary course of business."[114]

The Court is hard-pressed to find that this case meets any of the criteria referenced above. The claims of the three (3) Lenders are straightforward and based on mortgages and notes that have been in default for years. Two of those claims (Wells Fargo and Kabe) were fully-liquidated in State Court Actions (with TIAA having obtained entry of summary judgment dismissing the Debtor's Counterclaims and confirming TIAA's right to foreclose).[115] The Debtor has not offered any adequate protection to the Lenders, but instead remains content to live at the Residence and rent the Rental Property while failing to make any payments to his Lenders (or to pay taxes). Any complexity has been created by the Debtor through his vexatious and duplicative litigation tactics, as this is, at bottom, a simple case involving long-defaulted mortgages. Further, Debtor's original Schedules I and J showed a net surplus of only $30.65/month without paying any of his mortgages

---

[112] Debtor Mot., Dkt. No. 218.

[113] Debtor Mot. ¶ 12(v), Dkt. No. 218. The text of this Motion has two (2) paragraphs numbered 12; this is the first.

[114] Debtor Mot. ¶ 12(vi), Dkt. No. 218.

[115] Sept. 2, 2022 Cascino Certif., May 28, 2018 Summary Judgment, Ex. D, Dkt. No. 6-2.

and therefore no apparent ability to fund a Plan.[116]  Debtor's Amended Schedules I and J, filed on

September 8, 2022, while listing $6,384.35/month in mortgage expenses (that the Debtor does not

pay), show an expense deficit of ($1,639.35/month).[117]

Nonetheless, in light of the Court's denial of part of the relief requested by the Debtor in

his thirteen (13) motions addressed to the Lenders returnable on March 7, 2023, resulting in

substantive and material changes in the complexion of this case and the lack of any objections, the

Court will grant the Debtor a limited extension of sixty (60) days from the date of entry of this

Order to formulate a Plan based on the debts scheduled in the allowed proofs of claim.  Any request

for a further extension shall require a showing of good cause and that any delay and additional

time requested are the result of circumstances beyond the Debtor's control.

## IV.    CONCLUSION

For all the foregoing reasons, the Court denies the relief requested by Debtor as follows

(docket numbers are those of the Motion that this ruling addresses):

(i)    in Adv. Pro. No. 22-1186 (Wells), the Court denies the Debtor's motion to reconsider the December 12, 2022 Order [Dkt. No. 35];

(ii)    in Adv. Pro. No. 22-1189 (Kabe), the Court denies the Debtor's motion to reconsider the September 26, 2022 Order for partial dismissal [Dkt. Nos. 12, 16].  A related ruling follows at paragraph (xi), below;

(iii)    in Adv. Pro. No. 22-1189 (Kabe), the Court denies Debtor's motion to reconsider the December 12, 2022 Order [Dkt. No. 28];

(iv)    in Adv. Pro. No. 22-1190 (TIAA), the Court denies Debtor's motion to reconsider the December 12, 2022 Order [Dkt. No. 24];

(v)    in Adv. Pro. No. 22-1308 (Wells), the Court denies Debtor's motion to vacate the December 5, 2022 Order for Dismissal and to reopen the adversary proceeding [Dkt. No. 17];

---

[116] Aug. 4, 2022 Scheds. I, J, Main Dkt. No. 53.
[117] Sept. 8, 2022 Amended Scheds. I, J, Main Dkt. No. 67.

(vi)     in Adv. Pro. No. 22-1322 (Kabe), the Court denies as moot and superfluous Debtor's motion to vacate the December 5, 2022 Order for Dismissal, which did not apply to this adversary proceeding, which was never dismissed in any event [Dkt. No. 19];

(vii)    in Adv. Pro. No. 22-1322 (Kabe), the Court dismisses the New Kabe Action with prejudice, consistent with the Court's denial of Debtor's motion for reconsideration of the September 26, 2022 Order in Adv. Pro. No. 22-1189;

(viii)   in Adv. Pro. No. 22-1324 (TIAA), the Court denies Debtor's motion to vacate the December 5, 2022 Order for Dismissal and to reopen the adversary proceeding [Dkt. No. 16];

(ix)     in the Main Case, the Court denies Debtor's motion to compel Wells Fargo to comply with discovery [Dkt. No. 176];

(x)      in the Main Case, the Court denies in part and grants in part Debtor's motion to compel Kabe to comply with discovery [Dkt. No. 176].   Within thirty (30) days of the entry of this Opinion and Order, Debtor may file and serve on Kabe a Request for Answers to Interrogatories and a Request for Production of Documents under Fed. R. Bankr. P. 7033 and 7034, respectively, limited to the subject of the validity, priority and assignment of the Kabe Mortgage.   Thus, by way of example and not necessarily limitation, as to Debtor's discovery demands described herein, only requests 1, 8, 9 of the original request for production of documents (limited to the Mortgage) would be permitted and none of the Interrogatories would be permitted as they were all overly broad and not limited to the validity, priority and assignment of the Kabe Mortgage. Kabe shall respond in compliance with the rules governing adversary proceedings, subject to any applicable objections, including (without limitation) that the discovery sought goes beyond the limited matters permitted by the Order;

(xi)     in Adv. Pro. No. 22-1189 (Kabe), within thirty (30) days of the entry of this Order and Opinion, the Debtor may file and serve, in compliance with Fed. R. Bankr. P. 7015, D.N.J. LBR 7015-1(a) and other relevant rules, a properly-supported motion to file an Amended Complaint that is strictly limited to claims challenging the validity, priority and assignment of the Kabe Mortgage and includes a version of the Amended Complaint marked to show changes from the original Complaint in the Old Kabe Action.   The proposed Amended Complaint may not assert any claims that are based on the alleged invalidity of the Kabe Note;  Kabe's Final Judgment on the Note; or the amount due to Kabe;

(xii)    in the Main Case, the Court denies Debtor's motion to compel TIAA to comply with discovery [Dkt. No. 189];

(xiii)   in the Main Case, the Court denies Debtor's motion to stay (i) the case; (ii) Debtor's obligation to file a Plan; and (iii) essentially all other proceedings in this case and the Adversary Proceedings, pending disposition of the fourteen (14) pending appeals filed by the Debtor [Dkt. No. 189];

(xiv) in the Main Case, the Court denies the Debtor's motion to stay (i) the case; (ii) the Plan; and (iii) Wells Fargo's stay relief motion [Dkt. No. 193];

(xv) in the Main Case, the Court denies the Debtor's motion to stay (i) the case; (ii) Wells Fargo's stay relief motion; and (iii) Wells Fargo's State Court Action [Dkt. No. 194];

(xvi) in the Main Case, the Court grants the motion of Wells Fargo for stay relief [Dkt. No. 191];

(xvii) in the Main Case, the Court grants the motion of TIAA for stay relief [Dkt. No. 202];

(xviii) in the Main Case, the Court grants the Cross-motion of Wells Fargo to declare the Debtor a vexatious litigant [Dkt. No. 194]. This application was also filed and is being granted in Adv. Pro. No. 22-1186 [Dkt. No. 40] and Adv. Pro. No. 22-1308 [Dkt. No. 24]. The Debtor shall file no more pleadings, motions, motions for reconsideration or other applications that directly or indirectly seek the same or similar relief that has previously been denied by this Court, without first:

   (i) sending a letter to this Court, with copies to all parties in interest, requesting permission to file such a motion or other pleading that sets forth the new and/or different grounds or which such a motion or pleading is based, which letter may include a summary or copy of any such motion or pleading;

   (ii) including a Certification:

      (A) confirming that the Debtor has not previously sought, directly or indirectly, the same or similar relief from this Court; and

      (B) setting forth the asserted new and/or different grounds under which the Court should consider such filings and that any new or different information on which such filing is based was not previously available to the Debtor.

   No party shall be required to respond to any such proposed pleading, motion, motion for reconsideration or other application unless and until the Court approves the filing of same; provided, however, that in the event the Debtor seeks such approval, any party-in-interest may file a short response to the Debtor's request and indicate the basis for any opposition. In the event such approval is granted, the Court shall establish a schedule for further proceedings relating to such pleading, motion, motion for reconsideration or other application. If such approval is denied, no further responses shall be required or conducted with respect to such pleading, motion, motion for reconsideration or other application; and

(xix) in the Main Case, the Debtor's motion to extend exclusivity is granted for a period of sixty (60) days from the entry of this Order [Dkt. No. 218]. Any request for a further extension shall require a showing of good cause and that any delay and additional time requested are the result of circumstances beyond the Debtor's control.

This Opinion is accompanied by four (4) implementing Orders that separately cover:  (a) the Wells Fargo motion for stay relief; (b) the TIAA motion for stay relief; (c) the Debtor's motion to extend exclusivity; and (d) the balance of relief outlined above.

Dated: March 31, 2023

_Vincent F. Papalia_

Vincent F. Papalia
United States Bankruptcy Judge

# SCHEDULE A

**In re Sung Ho Mo**
**Case No. 22-14796 (VFP) (Chapter 11)**
**Index to matters heard on March 7, 2023**

Three (3) motions returnable by Debtor in Old Adversary Proceedings
- **35**  **Wells Fargo Adv. Pro. No. 22-1186**.  Motion by Debtor to reconsider December 12, 2022 Order (12/22/22)
- **39**  Debtor's letter request to stay the above (01/05/23)
- **40**  Cross-motion by Wells Fargo to declare Debtor a vexatious litigant (01/11/23)
- **44**  Debtor's Brief (02/03/23)
- **45**  Wells Fargo response (02/09/23)

- **16**  **Kabe Adv. Pro. No. 22-1189**.  Motion by Debtor to reconsider September 26, 2022 Order for partial dismissal of Adv. Pro. (superseding Dkt. No. 12) (10/07/22)
- **20**  Debtor's supplement (10/13/22)

- **28**  **Kabe Adv. Pro. No. 22-1189**.  Motion by Debtor to reconsider December 12, 2022 Order (12/22/22)
- **33**  Debtor's letter request to stay the above (01/05/23)
- **36**  Kabe brief in opposition (02/03/23)
- **37**  Debtor's reply (02/27/23)

- **24**  **TIAA Adv. Pro. No. 22-1190**.  Motion by Debtor to reconsider December 12, 2022 Order 12/22/22)
- **28**  Debtor's letter-request to stay Motion until Debtor's appeal of December 12, 2022 Order is concluded (01/05/23)
- **30**  TIAA brief in opposition (02/02/23)
- **37**  Debtor's reply (02/09/23)

Three (3) motions by Debtor in New Adversary Proceedings
- **17**  **Wells Fargo Adv. Pro. No. 22-1308**.  Motion by Debtor to vacate December 5, 2022 Order and reopen Adv. Pro. (12/27/22)
- **23**  Debtor's letter request to stay the above (01/05/23)
- **24**  Cross-motion by Wells Fargo to declare Debtor a vexatious litigant (01/11/23)
- **28**  Debtor's reply (02/03/23)
- **29**  Debtor's reply (02/08/23)
- **30**  Wells Fargo reply/surreply (02/09/23)

- **19**  **Kabe Adv. Pro. No. 22-1322**.  Motion by Debtor to vacate December 5, 2022 Order and reopen Adv. Pro. (12/27/22)
- **23**  Debtor's letter request to stay the above (12/27/22)
- **25**  Kabe objection (02/03/23)

- **16**  **TIAA Adv. Pro. No. 22-1324**.  Motion by Debtor to vacate December 5, 2022 Order and reopen Adv. Pro. (12/27/22)
- **22**  Debtor's letter request to stay the above (01/05/23)

- 24   TIAA objection (02/03/23)
- 25   Debtor's response (02/09/23)

Three (3) Motions by Debtor in Main Case to Compel Compliance with Discovery
- **176   Motion by Debtor to compel Wells Fargo to comply with discovery** (12/22/22)
- 192   Debtor's letter request to stay his discovery motions (01/05/23)
- **196   Cross-motion by Wells Fargo to declare Debtor a vexatious litigant** (01/11/23)
- 206   Debtor's reply (02/03/23)
- 220   Wells Fargo reply (02/09/23)

- **181   Motion by Debtor to compel Kabe to comply with discovery** (12/22/22)
- 192   Debtor's letter request to stay the above (01/05/23)
- 205   Objection by Kabe (02/03/23)
- 216   Reply by Debtor (02/08/23)

- **182   Motion by Debtor to compel TIAA to comply with discovery** (12/27/22)
- 192   Debtor's letter request to stay the above (01/05/23)
- 198   Objection by TIAA (01/17/23)
- 213   Reply by Debtor (02/06/23)

Three (3) Motions by Debtor in Main Case to Stay Case (and Various Motions) Pending Appeals
- **189   Motion by Debtor to stay** (i) the case; (ii) Debtor's obligation to file a Plan; and
  (iii) the Court's directive to TIAA to file a stay relief motion pending appeals (01/04/23)
- 203   Wells Fargo objection (02/02/23)
- 208   TIAA objection (02/03/23)
- 212   Debtor's reply (02/06/23)
- 221   Debtor's reply (02/09/23)

- **193   Motion by Debtor to stay** (i) the case; (ii) the Plan; (iii) Wells Fargo's stay relief motion.

- **194   Motion by Debtor to stay** (i) the case; (ii) Wells Fargo's stay relief motion; and  (iii) Wells
  Fargo's State Court Action (01/06/23)
- 203   Objection by Wells Fargo to both motions (02/02/23)

Two (2) Stay Relief Motions in Main Case
- **191   Motion by Wells Fargo stay relief** as to 23 Independence Trail, Totowa, New Jersey
  07512 (01/05/23)
- 207   Objection by Debtor (02/03/23)
- 224   Response by Wells Fargo Bank, N.A. (02/10/23)

- **202   Motion by TIAA for stay relief** as to 138 Independence Trail, Totowa, New Jersey 07512
  (01/30/23)
- 229   Objection by Debtor (02/27/23)

One (1) Motion by Debtor in Main Case to Extend Exclusivity
- **218   Motion by Debtor to extend exclusivity through August 7, 2023** (02/08/23)
  No objections filed